EDWIN THOMPSON v. PETER B. SANBORN.

*Tenancy at sufferance—Liability to pay rent.*

52  141
93  652
52  141
e138  589

One who enters upon the use of another's property with full knowledge of the rent demanded therefor is under contract obligation to pay such rent, even though he has originally refused to or has said that he would only pay under protest.

Error to St. Clair.   (Stevens, J.)   Oct. 25.—Dec. 20.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Frank Whipple* for appellant.

*Avery Brothers* for appellee.   Action for use and occupation lies where there is a contract relation of landlord and tenant: *Lockwood v. Thunder Bay Boom Co.* 42 Mich. 537 ; beneficial occupation is sufficient ground to imply a promise; *Dwight v. Cutler* 3 Mich. 572.; grantee of tenant holds under landlord and becomes tenant: *Bertram v. Cook* 44 Mich. 398; and it is not necessary to show an attornment: *Perrin v. Lepper* 34 Mich 294.

GRAVES, C. J.   This action arose before a justice of the peace and was carried by appeal to the circuit court.   The plaintiff recovered $29.21 and defendant brought error.

The claim set up was for the use and occupation of a small piece of plaintiff's land for a passage-way by rail to defendant's elevator in Port Huron.   Prior to October 22, 1881, the elevator was owned by Charles A. Ward, and he occupied this passage-way under agreement with the plaintiff at $4 per week.   At that date the defendant bought the elevator, and Ward informed him what he was paying to the plaintiff for the privilege on his land.   The defendant thereupon called on the plaintiff to be allowed to continue the use of the way, but objected to the price which Ward had been paying.   The plaintiff refused to reduce

the rate, whereupon the defendant made the reply that if he paid any rent it would be under protest. He proceeded to occupy but refused to pay anything for it.

The circuit judge charged among other things as follows :

"In this case there is no proof of an express contract on the part of this defendant to pay the plaintiff any rent, but I instruct you that if you find from the evidence that the defendant, after his purchase from Ward with full knowledge of all the facts that this was plaintiff's land and that Ward up to the time of the sale to defendant occupied this land under an agreement with the plaintiff whereby he paid a weekly rental therefor, took possession of the premises at the time of taking possession of the elevator, and continued to use and occupy them the same as Ward did while he owned the elevator, and after he had been informed by the plaintiff that if he did continue to occupy them he would be required to pay the same rental as Ward had paid, a contract would be implied from such occupation and possession on the part of the defendant to pay the plaintiff the same rental as he was receiving at the time the defendant took possession."

The charge was warranted by the facts and was entirely correct. The objection that there was no agreement to pay because the defendant manifested his purpose to dissent from the terms is fallacious. The defendant sought the privilege, and the plaintiff offered to grant it at the same price which Ward had been paying. The defendant's own testimony will admit of no other sense. The plaintiff was owner of the property and had the unquestioned right to prescribe the terms on which he would extend the privilege, and when he decided his decision impliedly excluded everything inconsistent. It was not for the defendant to make both sides of the agreement. The proposition was entire. He could decline the privilege on the terms proposed and forbear taking possession, but he could not accept the benefit and at the same time reject the condition. He could not split the offer and appropriate the plaintiff's property, and then turn round and reject the requirement to pay for it. If he could, it would be nothing less than a seizure of one man's property by another on his own terms. The defendant's act was conclusive on him. It was incon-

sistent with his verbal indication of dissent, and amounted to a positive assent. It was an emphatic waiver of objections, and submission to the plaintiff's terms. The other points have too little in them to call for comment.

The judgment is affirmed with costs.

The other Justices concurred.