## EMELINE T. STONE *vs.* ALVIN HOUGHTON.

Middlesex. Jan. 19. — March 25, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

The answer to a petition, under the Pub. Sts. *c.* 176, to compel the respondent to bring an action to try his alleged title to a parcel of land, averred that the respondent conveyed the land to the petitioner by a deed which contained a clause that the conveyance was made upon the express stipulation that a dwelling-house should be moved or erected on the land within three years, at a cost not less than a certain sum. The answer further averred, that the stipulation was material; and that the petitioner had broken it; and that the respondent had not as yet made any claim upon the petitioner for any breach of the agreement. *Held*, on demurrer, that the stipulation did not constitute a condition; and that the petition must be dismissed.

HOLMES, J.    This is a petition, under the Pub. Sts. *c.* 176, to compel the respondent to try his alleged title to a parcel of land in Newton. The answer alleges that the respondent sold the land to the petitioner by a deed containing the following clause : " This conveyance being made upon the express stipulation that a dwelling-house shall be moved or erected on said land within three years, at a cost of not less than two thousand dollars above the sills, and that no building shall ever be erected upon any portion of said lot of land above described, that shall be a nuisance to any other dwelling-house that may be built near the premises," with further stipulations not material. The answer further alleges the materiality of these stipulations to the value of the respondent's homestead and other contiguous land sold by him with similar restrictions; that the premises were sold for half their value in view of them; that the petitioner did not erect a house as required, and did erect a nuisance which is now removed; and disclaims all interest in the premises further than said restrictions. It also alleges that " the respondent has not, as yet, made any claims upon the petitioner or her estate by reason of these breaches of her agreement." The petitioner demurs. It appears from the decree, that at the hearing a question arose whether the answer intended to disclaim any claim on the ground that the stipulation in the deed amounted to a condition, and that the respondent declined to make his answer more specific.

It stands admitted on the record, that the petitioner holds subject to the stipulations on which the respondent .relies, that they have been broken, and in what particulars. There is, therefore, no issue of fact to be determined between the parties. If the stipulation amounted to a condition, the practical effect of requiring the respondent to bring an action to try title would be to compel him to elect at once whether he would reënter for the admitted breach, and it might deserve serious consideration whether the statute was intended to enable grantees thus to abridge the time for election reserved to their grantors by the deed. But we express no opinion upon this point, or upon the question whether the case would stand differently if the petitioner had not admitted the stipulation and the breach by demurrer and at the hearing. For the only question that can arise upon the petitioner's admissions is the question of law as to the effect of the stipulation, which can be determined at this stage as well as at any other. We are of opinion that the stipulation does not constitute a condition. See *Rawson* v. *Uxbridge School District*, 7 Allen, 125; *Ayer* v. *Emery*, 14 Allen, 67; *Sohier* v. *Trinity Church*, 109 Mass. 1; *Episcopal City Mission* v. *Appleton*, 117 Mass. 326. And, as we do not understand that there is any further question between the parties, we are of opinion that the petition should be dismissed, without costs, upon the ground which we have stated, which should be set forth in the decree.                    *Decree accordingly.*

*I. D. Van Duzee*, for the respondent.

*C. A. Drew*, for the petitioner.