CATHERINE BRAY *vs.* MARCELLUS L. HUSSEY and another.

Piscataquis.    Opinion April 8, 1891.

*Deed.    Condition.    Reservation.    Waiver.*

A deed of land containing a reservation of pasturage for two cows during the life-time of the grantor, or, in lieu thereof, the grantee's personal obligation to fit her yearly fuel for the stove, and, in aid of the reservation, the stipulation that the grantee "is not" to incumber or convey the land meantime, does not create an estate on condition, but conveys a fee subject to the reservation.

ON REPORT.

This was a real action. Plea, *nul seizin.* The plaintiff put in a deed from one Lombard, given in 1854, which, it was admitted, covers the *locus,* and rested.

The defendants put in a warranty deed from the plaintiff, dated July 1, 1881, duly recorded, to John Roberts covering the same premises. The material parts of this deed, next after the description, and upon which the parties were at issue are given in the opinion.

It was admitted that Roberts, the grantee, filed his petition in insolvency, in Piscataquis County, February 12, 1887, and

Calvin B. Kittredge was appointed his assignee; that said assignee, under a proper license, sold and conveyed by quit-claim July 16, 1887, the insolvent's interest in the premises to one Micajah Hudson, who sold and conveyed the same to the defendants on July 27, 1887.

The insolvent, Roberts, mortgaged the same premises February 12, 1887, to Joseph B. Peaks, for seventy-five dollars, to secure the fees, expenses, &c., incident to his proceedings in insolvency. This mortgage was purchased July 9, 1887, by Hudson who having taken an assignment of it, transferred it July 27, 1887, to the defendants. Joseph B. Peaks testified that, on September 27, 1887, he went upon the *locus* at the request of Catherine Bray, the plaintiff, and took possession of the premises, at her request, under a claim of condition broken in her deed to Roberts. It was admitted that the plaintiff was never prevented from, nor interfered with, in pasturing her cows upon the premises in question.

*J. B. Peaks*, for plaintiff.

Plaintiff says her deed to Roberts is a conditional deed, that having entered for condition broken, the title has revested in her. The condition is limited and restrictive only, and not void. 1 Wash. R. P. (Ed. 1860) p. 448; *Blackstone Bank* v. *Davis*, 21 Pick. 43; *Gray* v. *Blanchard*, 8 Pick. 287, 289. Defendants are attempting to hold a title from Robert's assignee in violation of the condition plainly expressed in plaintiff's deed to him. *Thomas* v. *Record*, 47 Maine, 500. Robert's mortgage of February 12, 1887, was in violation of the condition. Entry sufficient. *Jenks* v. *Walton*, 64 Maine, 100; *Brickett* v. *Spofford*, 14 Gray, 519. Such conditions have been upheld. 4 Kent. Com. 123; Shep. Touch. 117; *Dorr* v. *Harrahan*, 101 Mass. 531; *Linzee* v. *Mixer*, 101 Mass. 512.

*Henry Hudson*, for defendants.

HASKELL, J. The contention is, whether certain words, inserted in a warranty deed between the description and *habendum*, create a condition subsequent that may work a forfeiture of the grant. The words are:

"Said Catherine Bray [the grantor] reserves the right in the above described farm to pasture two cows in the pasture or pastures, used as such for the benefit of said Catherine Bray during her lifetime; or, if she does not use the pastures as above, said John Roberts [the grantee] is to fit her year's wood up for the stove. Said John Roberts is not to place any incumbrance on said land, or convey the same to anyone during the life of said Catherine Bray."

Conditions subsequent are not favored in law; and "an estate on condition cannot be created by deed except when the terms of the grant will admit of no other reasonable interpretation;" *Ayer* v. *Emery*, 14 Allen, 70; and the grantor's own language must be most strongly construed against him. *Hooper* v. *Cummings*, 45 Maine, 359.

It should be considered too, that, since the time of Coke, certain appropriate words have been universally understood to create a conditional estate. Co. Litt. *Lib.* 3, chap. 5. These are, "provided," "on condition," "so as." "To every good condition is required an external form." Shep. Touch. 126.

"In devises, a conditional estate may be created by the use of words which declare that it is given or devised for a certain purpose, or with a particular intention. But this rule is applicable only to those grants or gifts which are purely voluntary, and where there is no other consideration moving the grantor or donor besides the purpose for which the estate is declared to be created. But such words do not make a condition when used in deeds of private persons." *Rawson* v. *Uxbridge*, 7 Allen, 128. *Labaree* v. *Carleton*, 53 Maine, 211. *Duke of Norfolk's case*, Dyer, 138, b. *Mary Portington's case*, 10 Co. 42, a.

Apt words, even, do not always create a conditional grant where the intent of the grantor, as shown by the whole deed, was otherwise. *Episcopal City Mission*, v. *Appleton*, 117 Mass. 326; *Sohier* v. *Trinity Church*, 109 Mass. 1; *Stanley* v. *Colt*, 5 Wallace, 119.

The grant in question was for the expressed consideration of five hundred dollars. The reservation is pasturage for two cows

during the lifetime of the grantor, or in lieu thereof the grantee's personal obligation to fit her yearly fuel for the stove. In aid of the reservation, the grantee "is not" to encumber or convey the land meantime. That is, he stipulates two things; to fit the wood for the stove, if required, and to not sell the land during the lifetime of the grantor. Suppose the grantee dies before the grantor, does the land descend charged with the grantee's agreements expressed in the deed? *Parish* v. *Whitney*, 3 Gray, 516; *Newell* v. *Hill*, 2 Met. 180.

Moreover, the forfeiture is now claimed by reason of the grantee's mortgage to the plaintiff's attorney contrary to the supposed condition in the deed. The mortgage, for description, refers to the deed in question, and secured seventy-five dollars for the expenses of the mortgagor's insolvency proceedings. The mortgagee, now the plaintiff's attorney, would not have taken the mortgage and enforced it as a valid security, knowing it to have been worthless. It is more probable that the plaintiff, who admits in her brief that she is the grandmother of the mortgagor, knowing that he had become involved with pressing debts and needed money to avail himself of the beneficent provisions of the insolvent law, assented to the mortgage. She might waive conditions in her deed if there were any. *Hooper* v. *Cummings, supra.* The defendants are assignees under the mortgage and grantees of the equity under a deed from the assignee in insolvency of the mortgagor.

The absence of apt words creating a conditional estate, the rule of law requiring a construction of the deed most strongly against the grantor, and the reluctance of courts to declare forfeitures, and the peculiar relation and conduct of the parties in interest, lead the court to consider the deed in question as the conveyance of a fee, and not merely a conditional estate. The result leaves the plaintiff in the full enjoyment of the reservation in her deed. *Stone* v. *Houghton*, 139 Mass. 175; *Ayling* v. *Kramer*, 133 Mass. 12; *Kennedy* v. *Owen*, 136 Mass. 199.

*Judgment for the defendants.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.