(Hamilton County Common Pleas Court).

### BEETZ v. STROBEL.

---

After verdict for defendant on the cause of action set out in the petition, plaintiff can not have "judgment non obstante veredicto" on a new and different cause of action disclosed in the answer.

---

Heard on motion for judgment non obstante vredicto.

JELKE, J.

Plaintiff originally filed his petition here in setting out two cases of action:

1. On a contract.
2. For use and occupation.

On motion of defendant, and order of court. plaintiff struck the second cause of action out of his petition, so that at the time of going to trial the petition stood as an action for rent on a contract.

At the conclusion of the first trial, and before going to trial for the second time, defendant filed by leave an amended answer, a narrative sort of pleading, containing a general denial, setting up the "statute of frauds,"and in addition thereto stating facts which, if properly pleaded by the plaintiff, would have constituted a cause of action for use and occupation.

Issue was joined on the contract, and the jury found a verdict for the defendant. Whereupon plaintiff files his motion for judgment notwithstanding the verdict, claiming that on the admissions in defendant's answer he is entitled to recover two dollars per month for use and occupation.

"Judgment non obstante veredicto is rendered in cases where, after a pleading by the defendant in confession and avoidance, as, for example, a plea in bar, and issue joined thereon, and verdict found for the defendant, the court, on retrospective examination of the record, finds that such plea was bad in substance, and might have been made the subject of demurrer on that ground." Freeman on Judgments, sec. 7; Black on Judgments, sec. 16; Andrews Stephens on Pleading, p. 186.

In all the cases cited in these text books, and in every cases cited to the court, such judgment has been founded on the cause of action set out in the declaration, confessed to by the defendant's plea, the avoidance of which has been insufficient. Counsel have been unable to cite to the court, and the court has been unable to find, a single case where such judgment has been rendered upon a new and different cause of action developed from allegations contained in a plea or answer.

The statutory provision of the Code, Rev. Stat. 5328,, is manifestly intended to be a statement of the common law, and wherever our courts have been called upon to apply it they have followed the common law procedure. In view of the large number of report ed cases wherein judgment non obstante veredicto has been rendered, and of the fact that not one case can be found where such judgment has been founded on a different cause of action developed in the plea from that set out in the declaration, I conclude that judgment can not be so rendered. In Marsh v. Bulteel, 5 Barn & Ald., 507, Abbott C. J., remarked: "It never has been held that a plaintiff who seeks to recover damages for one ground of action stated in his count is entitled to recover in respect of another, disclosed by the defendant's plea. I am of opinion that a plaintiff can recover

only in respect of the ground of action stated in his declaration." Stephens' Pleading (9th Am. Ed.), 14; Head v. Baldrey, 6 A. E., 468.

I am confirmed in my conclusion as to the case at bar by two considerations.

When the court on motion ordered plaintiff to strike out his second cause of action for insufficiency, there was nothing to prevent his amending and perfecting this count for "use and occupation." Plaintiff, however, saw fit to proceed on his count on contract only.

' Further, on a motion of this kind the court can only look at the pleadings. 40 Ohio Stat., 113.

In an action for use and occupation plaintiff can recover a reasonable rental. This can not be determined from the pleadings, but must be a finding of fact by the court or jury from the evidence.

It is admitted in the answer that defendant for a time paid two dollars per month, and plaintiff's counsel contend that under Thompson v. Sanborn, 52 Mich., 141, that establishes the rental. Suh admission is but evidence, and is not an essential part of a cause of action for use and occupation. Moreover, such statement is coupled with the further statement that the right of way was not worth and defendant would not pay two dollars per month, and that he would not pay to exceed five dollars per year.

It would certainly require the production of evidence to establish the reasonable rental value of said right of way, and non constat it might be found to have but a nominal value or to be worth nothing. At common law plaintiff's remedy would be "new assignment," which under the code practically means a new suit.

Motion overruled.

Heilker & Heilker, for plaintiff.

L. H. Pummill, for defendant.