D. M. OSBORNE & CO. *v.* WATERLOO.

1. APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.
   The verdict, on conflicting evidence, of a properly instructed jury, is conclusive.

2. SAME—RIGHT TO ALLEGE ERROR.
   Plaintiff in error cannot complain of a judgment in his favor, though it did not follow the verdict.

Error to St. Clair; Tappan, J. Submitted November 17, 1904. (Docket No. 70.) Decided December 22, 1904.

Assumpsit by D. M. Osborne & Company against Charles B. Waterloo for goods sold and delivered. There was judgment for plaintiff for less than the amount claimed and awarding costs to defendant, and plaintiff brings error. Affirmed.

*James A. Muir*, for appellant.

*Phillips & Jenks*, for appellee.

MONTGOMERY, J. The defendant was from January 1, 1900, to January 1, 1901, the plaintiff's transfer agent at Port Huron. His duties consisted of receiving and storing plaintiff's goods and transshipping as directed. He also made some purchases of plaintiff, and sold some goods on commission. On January 1, 1901, defendant owed plaintiff a balance of $167.15. A cash payment of $54.02 has been made since, and to recover the balance of $113.13 this action was brought.

On the trial defendant claimed to recover rent for the buildings in which the goods of plaintiff were stored at the rate of $2 per day for the period from January 1st, when his contract expired, until the date of removal. The plain-

tiff concedes that defendant was entitled to recover a reasonable rental, but insists that there was no binding contract to pay at the rate of $2 per day, which is claimed to be excessive.   The defendant relies upon the case of *Thompson* v. *Sanborn*, 52 Mich. 141, holding that when one notified of the terms upon which premises may be occupied proceeds to occupy them a contract to meet the terms or pay the rent demanded is implied.   The case was submitted to the jury on this theory.

The plaintiff's counsel insists that there was in this case no basis for the application of this doctrine, for the reason that notice of the defendant's demand was not brought home to the plaintiff.   This question is determined by the authority or want of authority of plaintiff's agent, Julius Philip.   Admittedly notice was given to him of the defendant's purpose.   It is said, however, that while he was an agent of the company in the territory in question, having charge of sales agents, his duties did not include a supervision of the business of transfer agents, or authorize him to make contracts with them for storage.

We have examined the testimony of this witness with great care, and, without attempting to set out the same in detail, we feel bound to say that, taken as a whole, considering his own version as to his duties in looking after the interests of plaintiff in his territory, and communicating with the company facts affecting their interests coming to his knowledge, and his dealings with defendant in this particular matter, together with his conflicting statements as to when this particular fact of defendant's price for rental was communicated to the company, there was enough, at least, to carry the question to the jury, and that, so far from the court being in error in permitting the questions put to the witness to be answered, a searching cross-examination was fully justified.

It is further insisted that the defendant's successor as transfer agent, one Dawson, became responsible for the rent after January 11th, and that in no event should the defendant be allowed to offset more than $22 on this ac-

count. But we find that upon this point also the testimony was conflicting, and the question was fairly submitted to the jury.

After the verdict, which was for defendant, of no cause of action, the circuit judge discovered that he had committed error in an allowance of one small item, $11.63, and entered judgment for plaintiff for that sum, but with costs to defendant. Plaintiff contends that the judgment should have followed the verdict. It is conceded that, as the case originated in the justice's court, the costs were in the discretion of the trial judge, and certainly plaintiff is not in position to complain of a judgment in its favor.

Judgment affirmed.

The other Justices concurred.