BAIN *v.* PARKER.

Opinion delivered December 2, 1905.

1. DEED—CONDITION SUBSEQUENT—CONSTRUCTION.—As conditions subsequent which defeat the.estate conveyed by a deed are not favored in law, the words of the deed must clearly show a condition subsequent, or the courts will take it that none was intended. (Page 170.)

2. CONDITION SUBSEQUENT—WHEN NOT CREATED.—Where a deed conveyed a tract of land for the consideration of one dollar and in further consideration of the building, equipping and putting into operation of a line of railroad between certain points named, "to be completed by January 1, 1899," the words quoted imported nothing more than a covenant, which, upon acceptance of the deed, became binding upon the grantee, and for a breach of which he might become liable for damages suffered thereby, but such words did not create an estate upon con: dition. (Page 170.)

3. SAME—WAIVER.—If a stipulation in a deed that a railroad between certain points shall be completed by a certain date be a condition subsequent, it is waived where it was known to the grantor at the time the deed was executed that the road could not be completed by the date mentioned, and where the grantor delivered the deed in escrow, and permitted the grantee to incur expense in constructing the road without making claim of forfeiture or giving notice to the holder of the deed not to deliver it. (Page 171.)

Appeal from Ashley Chancery Court; MARCUS L. HAWKINS, Chancellor; affirmed.

STATEMENT BY THE COURT.

On the 2d day of December, 1898, D. L. Bain and wife executed a deed conveying to J. M. Parker, trustee, 240 acres of land in Ashley County. This deed was executed on a blank form, which recited that the grantors, in consideration of the payment of one dollar "and in further consideration of the building, equipping and putting in operation a line of railroad from a point on the Mississippi River in Chicot or Desha County to Hamburg, Ashley County, Arkansas, have granted, bargained, sold and conveyed, and by these presents do hereby sell and convey, unto the said J. M. Parker, trustee, and· unto his heirs and assigns forever," the lands described in the deed. This deed, with a number of other deeds executed by other parties for the same purpose, was delivered to the Ashley County Bank to be held in escrow and delivered to the grantee when he had performed his part of the

contract and built the road. The road was completed, and afterwards on the 8th day of November, 1899, the deed was delivered to the vendee.

Afterwards Bain brought this action to cancel the deed on the ground that it contained a condition that the road must be completed on or before the first day of January, 1899, and that, as the road was not completed until seven or eight months later, the deed was void.

On the hearing there was testimony tending to show that the plaintiff at the time he executed the deed inserted therein immediately after the words Ashley County, Arkansas, in the printed form, the following words in writing, "to be completed by January 1, 1899." There was also testimony to the contrary, that no such words were in the deed, and, after considering the evidence, the chancellor found for the defendant, and dismissed the complaint for want of equity.

The plaintiff appealed.

*Robert E. Craig,* for appellant.

The evidence shows a condition incorporated in the deed by interlineation, limiting the time of completing the road, and, the condition not being complied with, the deed should have been canceled.

*Geo. W. Norman,* for appellee.

1. If such condition had been interlined, it was only a covenant. Where the language is doubtful, the courts will construe as a covenant, rather than a condition. 63 Ill. 204. Where the recital does not expressly and in terms declare a condition, and provides only for the performance of some act, or imposes a duty or burden upon the grantee, but does not stipulate for re-entry or forfeiture, it will be construed as a covenant. 15 Ill. 366; 39 Ga. 302; 46 Ga. 241.

2. If the alleged interlination were a condition subsequent, the estate, having vested by virtue of the deed, was completed by performance of the condition. 35 N. H. 445; 50 Ark. 141; 12 Barb. (N. Y. ) 440; 105 Ga. 517. Conditions subsequent will be construed strictly against the grantor and liberally in favor of the grantee, when the condition is performed. 49 N. H. 322; 53 N. Y. 85; 62 N. Y. 592; 30 Am. Rep. 298. Where its performance

is rendered impossible by the act of God, the grantee holds as if no condition had attached.    19 Atl. Rep. 443.

RIDDICK, J., (after stating the facts.)    This is an appeal from the judgment of the chancery court of Ashley County refusing to hold a deed void on account of the nonperformance of an alleged condition subsequent.    The plaintiff alleged that the deed as executed contained a condition that made it void if a certain railroad from the Mississippi River to Hamburg, Arkansas, was not completed on or before the 1st day of January, 1899.    The defendant denied that there was ever any such condition in the deed.    If the deed contained the words "to be completed by January 1, 1899," which plaintiff says he interlined in the printed form, that part of the deed would read as follows:    The grantors, in consideration of one dollar "and in further consideration of the building, equipping and putting in operation a line of railroad from a point on the Mississippi River in Chicot or Desha County to Hamburg, Ashley County, Arkansas, *to be completed by January 1, 1899,* have granted, bargained, sold and conveyed," etc.

The words in italics are those which plaintiff alleges that he interlined in the deed, and which he claimed were subsequently erased by some one to him unknown.

There are two questions presented:    First, were these words "to be completed by January 1, 1899," in the deed when executed?    Second, if so, do they, when taken in connection with the other provisions of the deed, amount to a condition subsequent? The evidence bearing on the question as to whether the words referred to were in the deed is quite conflicting.    But it is unnecessary for us to set this evidence out or to discuss it, for it is not shown that the grantee erased those words; and if we treat them as in the deed, they do not amount to a condition subse-quent.

Conditions subsequent that defeat the estate conveyed by the deed are not favored in law.    The words of the deed must clearly show a condition subsequent, or the courts will take it that none was intended; and when the terms of the grant will admit of any other reasonable interpretation, they will not be held to create an estate on condition.    Now, if we treat the deed as containing the

words referred to, there are still no words of condition in the deed, and no words indicating that the estate should be forfeited if the road was not completed at the date named. These words then import nothing more than a covenant which, upon the acceptance of the deed by the grantee, became binding upon him, and for the breach of which the grantor may recover damages suffered thereby, but the deed remains valid. *Stone* v. *Houghton,* 139 Mass. 175; *Episcopal City Mission* v. *Appleton,* 117 Mass. 326; *Studdard* v. *Wells,* 120 Mo. 25; *Bray* v. *Hussey,* 83 Me. 329; *Stanley* v. *Colt,* 5 Wall. (U. S.), 119; 1 Jones on Conveyancing, § 632, and cases there cited.

Again, if this provision be treated as a condition subsequent, the facts here show that it was waived. A condition may be waived by acts as well as by express release. Any acts on the part of the grantor which are inconsistent with a claim of forfeiture are evidence of a waiver of the condition. Thus, where lands were granted to a railroad company upon condition that the road should be completed by a certain time, and after the company's failure to do this the grantor suffered the company to go on and incur further expense in constructing the road without making objection, it was held that the condition was waived. *Ludlow* v. *N. Y. & H. R. R. Co.,* 12 Barb. 440; *Duryee* v. *Mayor of New York,* 96 N. Y. 477; *Sharon Iron Co.* v. *Erie,* 41 Pa. St. 341; 1 Jones on Conveyancing, § 699.

Now, the deed in this case was not executed until the 2d day of December, 1898, and the evidence shows that at that time it was known that the road could not be completed on the 1st day of January, following. If plaintiff intended to insist on the condition which he claims was in his deed that the road should be completed by the date named, it was strange that he put himself to the trouble and expense of executing the deed, for at the time he did so it was known that the road could not be completed by the date named in the deed. But plaintiff not only delivered the deed to the bank, but he made no complaint when the road was not completed, and allowed the bank to hold the deed, and without any protest on the part of plaintiff the deed was delivered to the defendant over ten months after plaintiff claims that the estate conveyed by it had been forfeited. A great part of the

work on the road was done after the date on which plaintiff claims that the forfeiture took place, without objection on the part of plaintiff and without notice to the bank not to deliver the deed. These acts of the plaintiff are inconsistent with his claim of forfeiture, and tend strongly to show that, if there was any condition in the deed, it was waived.

On the whole case, we are of the opinion that the judgment of the chancellor is right, and should be affirmed. It is so ordered.