## KAMPMAN *v.* KAMPMAN.

### Opinion delivered March 20, 1911.

1. DEEDS—CONDITIONS.—Conditions subsequent in a deed that defeat the estate conveyed thereby are not favored in law; and when the terms of the grant admit of any other reasonable interpretation, they will not be held to create such a condition. (Page 330.)

2. EQUITY—OBJECTION TO JURISDICTION—WAIVER.—Though courts of equity abhor forfeitures and will not enforce them, leaving the parties to such remedies as they may have at law, the objection to the court's jurisdiction in such case will be treated as waived if no objection thereto was raised in the court below, and no motion was made to transfer the case to a court of law. (Page 331.)

·3. APPEAL AND ERROR—BRINGING UP EVIDENCE—PRESUMPTION.—Where the decree appealed from recites that the cause was heard by the chancellor upon the pleadings and "the depositions on behalf of the plaintiff and the defendant and other evidence," and the transcript contains only the depositions of the witnesses and the exhibits filed with the complaint, and this is certified by the clerk as all the records and proceedings on file in his office, it will be presumed on appeal that the "other evidence" which the chancellor heard referred to the exhibits found in the transcript. (Page 331.)

4. SAME—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—Where there is a sharp conflict in the testimony of the parties, and nothing to corroborate either one, the court, on appeal, will accept the chancellor's findings as conclusive. (Page 331.)

5. FORFEITURE—WAIVER.—Any conduct on the part of the· party having the right to declare a forfeiture which is calculated to induce the other party to believe that the forfeiture is not to be insisted on will be treated as a waiver. (Page 332.)

6. DEEDS—CONDITION SUBSEQUENT—WAIVER.—Where a father executed a deed to a son on condition that the son should pay the father a certain sum annually for life, the father will be held to have waived any right to declare a forfeiture for nonpayment thereof when he made ·no demand for payment and gave the son no notice that strict performance would be insisted on. (Page 333.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*R. D. Rasco,* for appellant; *Manning & Emerson,* of counsel on the brief.

1. Equity does not favor forfeitures, and deeds must be strictly construed as against the grantors. "Courts always construe clauses in deeds as covenants rather than conditions, if they can reasonably do so." 2 Washburn on Real Prop. (5 ed.) § 3; *Id.* § 5; Tiedeman on Real Prop. (2 ed.) § 279; 2 Washburn, Real Prop. (14 ed.) § 7; 25 S. W. (Mo.) 201; 15 Wall. 146; 2 Story's Eq. § 1319; 4 Kent's Com. 131; 59 Ark. 405-8.

Conditions subsequent are not favor in law because they tend to destroy estates. · 109 Va. 676; 64 S. E. 982; 50 So. 443; 133 Ga. 540; 90 Minn. 352; 152 Fed. 143; 13 Cyc. 687.

2. A condition subsequent will not defeat an estate, if the condition has been performed by the grantee or waived by the grantor, and waiver may result from acts as well as from agreement. Tiedeman on Real Prop. (2 ed.) § 278; 13 Cyc. 708; 75 Ark. 411.

3. The deed does not constitute a condition subsequent, neither does the special clause therein. 1 Cooley's Blackstone (4 ed.) 154; 4 Kent's Com. (13 ed.) 142; Tiedeman, Real Prop. (2 ed) § 271; Black's Law Dictionary, 246; 6 Am. & Eng. Enc. of L. 500; 8 Cyc. 559; 232 Ill. 594; 4 Cush. 178.; 25 S. W. (Mo.) 201; 47 S. E. 415; 64 N. E. 531; 121 S. W. 15; 111 S. W. 1069; Kirby's Dig. § 733.

4. The special clause in the deed is repugnant both to the granting clause and habendum, and is therefore void. 13 Cyc. 683-4-5; 66 S. E. 104; 27 L. R. A. (N. S.) 388, 395; 92 Ark. 324; 82 Ark. 209.

*John L..Ingram,* for appellee.

Taking into consideration the relationship of the parties, the grantor's age and physical infirmities and the language of the deed, it is plain that the annual payment by grantee to the grantor was a condition of the deed; and this was the real consideration. For failure to pay the grantor had the right to sue for cancellation of the deed. 67 Ark. 265; 86 Ark. 251; 64 S. W. 426; 21 S. W. 283; 12 N. E. 698; 21 N. E. 897.

McCULLOCH, C. J. The plaintiff, H. J. Kampman, and his wife, Ulferdina Kampman, on August 8, 1907, executed to their son, the defendant, Henry J. Kampman, a deed conveying 40 acres of land situated in Arkansas County, and on July 30, 1909, he instituted this action in the chancery court of that county to cancel the deed, claiming that it expressed on its face a condition subsequent which the defendant had failed to perform. The condition was that the defendant, Henry J. Kampman, "is to pay to the said H. J. Kampman, and wife, Ulferdina Kampman, forty dollars a year as a dowry during their natural lifetime." Plaintiff's wife died before the institution of the suit. The defendant in his answer denied that the deed contained a condition subsequent, or that he had failed or refused to perform all the conditions stated in the deed. He alleged that his father had stated to him from time to time that he need not pay the stipulated amount unless he needed it, and that he had performed services for his father from time to time in value more than equal to the amount stipulated. On final hearing the chancellor entered a decree in favor of the plaintiff, cancelling the deed, and the defendant appealed.

The questions whether the language of the deed was sufficient to create a condition subsequent, and whether the condition expressed therein was void by reason of being repugnant to the granting clause of the deed, are argued by counsel pro and con with much earnestness, but, in the view we shall express on the questions of fact involved, it becomes unnecessary for us to pass upon those questions. We concede, for the purpose of disposing of the cause in this opinion, that the deed contained a condition subsequent, and that the condition expressed was not in conflict with the granting clause of the deed so as to render the condition void and unenforcible. It is not amiss, however, to say in this

connection, that such conditions are not favored in the law, and must be clearly expressed before they will be enforced. Judge RIDDICK, in delivering the opinion of the court in *Bain v. Parker,* 77 Ark. 168, said: "Conditions subsequent that defeat the estate conveyed by the deed are not favored in law. The words of the deed must clearly show a condition subsequent, or the courts will take it that none was intended; and when the terms of the grant will admit of any other reasonable interpretation, they will not be held to create an estate on condition." It is also well settled that courts of equity so abhor forfeitures that they will not enforce them, leaving the parties to such remedies as they may have at law. If the condition had been broken, as contended by plaintiff, his remedy at law was complete. *Little Rock Granite Co. v. Shall,* 59 Ark. 405. But, as the jurisdiction of the chancery court was not questioned below, nor was any motion made to transfer the case to a court of law, that question is deemed to have been waived.

The first question presented in the argument, however, is that the decree shows that evidence was heard which is not in the record. The decree recites that the case was heard by the chancellor upon the pleadings and "the depositions on behalf of the plaintiff and the defendant, and other evidence." The transcript contains only the depositions of the witnesses and the exhibits filed with the complaint, and this is certified by the clerk as all the records and proceedings on file in his office. The certificate of the chancellor, expressed in the recital of the decree, must, of course, control where there is any conflict with the certificate of the clerk. There is no conflict, however, between the two certificates in this instance, as the words "other evidence" are deemed to refer to the exhibits which are found in the record. *Beach v. Turpin,* 88 Ark. 604.

This question being out of the way, we are of the opinion that the evidence shows a waiver on the part of the plaintiff of strict performance of the condition expressed in the deed. According to the terms of the deed, the installments were due annually at the end of each year, beginning from the date of the deed, making the first payment due August 8, 1908. There is a sharp conflict between the statements of the two parties, and there is nothing to corroborate either, but, as the chancellor

accepted the plaintiff's statement of the facts, we must, under well settled rules, do the same, as it cannot be said that that conclusion is against the preponderance of the evidence. We therefore reach our conclusion upon the version of the transaction given by the plaintiff himself. According to that version, the plaintiff and his son, the defendant, lived near each other from the time the deed was executed until the first demand made for payment of the stipulated amount, which was on June 21, 1909. No request was made for payment of the amount until that day, though father and son had, up to that time, been living in the usual degree of intimacy. They frequently exchanged work with each other, and, as the father states, treated the work of one as offsetting that of the other. They kept no accounts against each other, and nothing was said between them about the payment of the so-called "dowry." The plaintiff relates the conversation between himself and his son on the occasion that a demand was made for payment, as follows:

"Q. State when and where the demand was made. A. A demand was made on the 21st day of June, 1909, in the blacksmith shop of Simpson & Kampman, Gillett, Arkansas County, Arkansas. Q. Did he pay you this dowry or any part of same when you made this demand? A. No. He told me, if I made him pay that dowry, he would feel very hard toward me; and if in the future he done anything for me, I would have to pay him the cash; and if I done anything for him, he would pay me the cash. Q. What did you reply to that statement he made? A. I left the shop, feeling dumbfounded, with only such feelings as a father could have over a son giving me that kind of treatment. Q. State whether or not before you left the shop you gave him any understanding whether you would expect the payment of the amount due or not? A. That had already been given in the demand that I made in a formal way for my dowry."

Nothing further transpired between them until the plaintiff commenced this suit, something more than a month later than this, and soon after the institution of the suit the defendant made a formal tender of the amount of two of the stipulated payments and during the progress of the cause tendered into court a sum sufficient to cover three payments.

Now, as we have already said, conditions which operate as

a forfeiture of rights under a deed are not favored in the law, and slight circumstances will often be seized upon to prevent such forfeitures. Any conduct on the part of the party having the right to declare a forfeiture which is calculated to induce the other party to believe that the forfeiture is not to be insisted on will be treated as a waiver. As said by Judge RIDDICK in *Bain* v. *Parker, supra,* "a condition may be waived by acts as well as by express release." See also *Salyers* v. *Smith,* 67 Ark. 526, where it is said that until the grantee "had positively refused to render him the support promised, or had done some act tantamount to that, conceding that such was the consideration for the deed, there could be no cause of action to appellee" to declare a forfeiture.

Now, it was the duty of the plaintiff, if he expected to insist on a forfeiture on account of failure to strictly perform the conditions, to make demand for the payment or to give notice to the defendant in some way that strict performance would be insisted upon. This is especially true when we consider the intimate relations between the two parties and their daily association together. The undisputed evidence in this case shows that, as soon as an unequivocal demand for payment was made, which was by the commencement of this suit, defendant responded with a tender of the unpaid amount. The plaintiff's own statement shows that at the time he made the only demand which was ever made he acquiesced in defendant's reply—not a refusal to pay, but the statement of what was claimed to be a reason why he should not pay. He states that when his son said, "If you make me pay that dowry, I will feel very hard toward you," he left the shop feeling dumbfounded, without insisting further on his demands. Conceding that he was right in his version of the controversy, and that the son should have paid the amount without complaint, yet, if he expected to insist upon a forfeiture, he should have so indicated distinctly on that occasion. Not having done so, we think that he cannot, without another demand, claim a forfeiture of the deed. For this reason, we are of the opinion that the chancellor erred, and his decree is reversed, and the cause remanded with directions to enter a decree dismissing the complaint for want of equity.