FORT SMITH WAREHOUSE COMPANY *v.* FRIEDMAN-HOWELL & COMPANY.

Opinion delivered January 12, 1914.

1. LEASES—RIGHT TO ASSIGN—TERMINATION OF LEASE.—Where a lease by its terms, imposes restrictions on the right of a tenant to as-

sign or sublet the premises, and also contains a provision for re-entry and forfeiture of the lease by the landlord, upon breach of these covenants; upon a breach the landlord may declare the lease terminated and take possession of the premises. (Page 19.)

2. LEASES—RIGHT TO SUBLET—TERMINATION.—Appellant leased certain premises to B. with a covenant against assignment or subletting the premises, and a provision for termination of the lease and re-entry, in the event B. assigned the lease or sublet the premises. *Held*, appellant has a right to maintain an action of ejectment against one H., who is found in exclusive possession of the premises, and in such action a verdict should be directed for the appellant. (Page 20.)

3. DAMAGES—AMOUNT OF, WHERE PREMISES ARE WRONGFULLY OCCUPIED.— Where appellee held the possession of appellant's property without right, under a claim from appellant's lessee, the measure of damages for the wrongful holding will be the reasonable rental value of the premises. (Page 21.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Hill, Brizzolara & Fitzhugh,* for appellant.

If it be conceded that the lease to Bly & Bennett was valid, it was for a period of two years, stipulated that an assignment of the lease should terminate it, and expressly provided that a violation of the lease in this respect should operate as a notice to quit and demand for possession of the premises, the usual notice in writing being waived, and authorized appellant to proceed to recover possession of the premises without notice. A verdict should have been directed for appellant. Jones on Landlord & Tenant, § 438.

Even had it been an assignable lease, an assignment of it would necessarily have to be in writing. Kirby's Dig., § 3665. And the assignment thereof in this case was void under the statute of frauds. 29 Car. 11, cap. 3; Browne on Statute of Frauds, 647; *Id.,* § 106; *Id.,* § 18; Kirby's Dig., § 3664; 1 Tiffany, Landlord & Tenant, § 34; 71 Ark. 484; Reed on Statute of Frauds, § 380.

*Read & McDonough,* for appellees.

1. The alleged assignment from Bly & Bennett to Friedman, Howell & Co. is not a question in this case.

This is not a suit in ejectment, nor for forcible entry and detainer, but to recover for two months' rent, that is, for January and February, 1913.

The alleged "notice" was not served until February 14, 1914. Under the law that notice would not be effective under the lease until the expiration of thirty days. A party renting premises month by month is entitled to thirty days' notice before being required to give up the premises. 65 Ark. 471; 70 Ark. 351. The notice to quit, based upon the lease, if given, which is denied, admits the existence and validity of the lease, and appellant should seek to dispossess appellees on the ground of a forfeiture of the lease; but there is no allegation of forfeiture, nor any such question raised, either in the notice or in the complaint. In no event could there have been a directed verdict for appellant.

2. The lease is not void under the statute of frauds. If Norville, the "man in charge," or secretary, had authority or apparent authority to sign the contract, his signature was the signature of the corporation. 62 Ark. 42; Thompson on Corporations, § 1516.

By its course of dealing from the time of its organization as a corporation in holding out its secretary as authorized to act for it, and in transacting all its business through him, appellant is estopped from denying his authority in this case. 12 Ark. 421; 36 Ark. 96; 35 Ark. 376; *Id.* 293; 29 Ark. 218; 37 Ark. 47; 52 Ark. 207; 1 Crawford's Dig., 329-333; 3 *Id.* 178-181; 96 Ark. 351; 97 Ark. 588; 98 Ark. 589; 103 Ark. 327.

HART, J. This is an action in ejectment by the Fort Smith Warehouse Company, a corporation organized under the laws of the State of Arkansas, against Friedman-Howell & Co., also a domestic corporation, and Bly & Bennett, a partnership, to recover possession of a house and lot in the city of Fort Smith, Arkansas.

In January, 1913, certain parties conducted an implement business on the property in question under a verbal lease from the Fort Smith Warehouse Company, as they claim, for a period of one year. On the other

hand, it was claimed by the Fort Smith Warehouse Company that the tenancy was from month to month. The defendants to this action made an agreement with said tenants, whereby the tenants agreed to surrender their lease on said property and to allow a new lease to be executed to the defendants, Bennett & Bly. In pursuance of this agreement, on the 10th day of January, 1913, the Fort Smith Warehouse Company executed a written lease for the term of two years on said property to Bennett & Bly, a partnership, for the sum of $960 for the term thereof, payable in advance at the rate of forty dollars per month. The lease contained a clause providing that the lessees should not assign the lease, nor sublet the premises, without the written consent of the landlord. Another clause of the lease provided that if the lessees should assign the lease, or sublet the premises, without the consent of the landlord, the landlord, at its option, might determine the lease and take possession of the premises without giving any notice in writing to quit. And on the same day the former tenants of the building, for an agreed consideration, surrendered their lease and all their interest therein and gave up possession of the property. Friedman-Howell & Co. wished to use the premises as a place to sell liquors to colored people, and on the same day the county court granted said corporation a license to sell liquors in said building, and provided that said corporation should only sell liquors to colored people. The county judge had adopted the policy of not allowing saloon keepers to sell to both white and colored people, and the defendant, Friedman-Howell & Co., wished to take out a license for the operation of a colored saloon, and, this being the only place in the city of Fort Smith where the county judge would grant it license for that purpose, it took out a license for a saloon to be operated there for the sale of whiskey to colored people; and, according to the testimony of Lewis Friedman, the manager of Friedman-Howell & Co., said corporation has used said premises to operate said saloon since the lease above referred to was executed by the

Fort Smith Warehouse Company to Bly & Bennett. The record does not disclose under what terms Friedman-Howell & Co. procured the building from Bly & Bennett. The testimony does show, however, that Friedman-Howell & Co. has occupied the premises without the consent of the Fort Smith Warehouse Company, and has had exclusive possession of it since the lease was executed to Bly & Bennett. The testimony on the part of the plaintiff tends to show that it notified Friedman-Howell & Co. that it had no right to occupy the premises, and forbade it doing so unless it agreed to pay plaintiff the sum of one hundred dollars per month rent, which Friedman-Howell & Co. refused to do, and continued to occupy the building without the consent of the plaintiff, but did offer to pay the plaintiff the sum of forty dollars per month, being the monthly rent stipulated for in the lease from plaintiff to Bly & Bennett; and Friedman-Howell & Co. contends that it has a right to occupy the premises under the terms of the lease to Bly & Bennett. There was a trial before a jury, which resulted in a verdict for the defendants, and the case is here on appeal.

It is first contended by counsel for plaintiff that the court erred in not directing a verdict in its favor; and in this contention we think counsel are correct. It is immaterial to consider whether the former tenants of the building had a verbal lease for one year or were tenants from month to month, for the undisputed evidence shows that they surrendered their lease and all rights that they had under it and permitted the plaintiff to lease the building to Bly & Bennett. This lease contained a covenant against lessees assigning their lease or subletting the premises. It also contained a clause which provided that in case the lessees assigned their lease or sublet the premises, the landlord, at its option, might terminate the lease and take possession of the premises.

The general rule is that where the lease, by its terms, imposes restrictions on the right of a tenant to assign or sublet the premises, and also contains a provision for re-entry and forfeiture of the lease by the landlord, upon

breach of these covenants the landlord may declare the lease terminated and take possession of the premises. 24 Cyc. 966; Underhill on Landlord & Tenant, vol. 2, § § 629-630; Taylor on Landlord & Tenant (9 ed.), vol. 1, § 402; Tiffany on Landlord & Tenant, vol. 2, p. 1374.

A covenant not to assign or underlet the premises without the permission of the landlord, accompanied by a clause of re-entry in case of breach is for the protection of the landlord. It is said to be reasonable that a lessor shall exercise this restraint for the purpose of selecting such tenants as will take care of his property and pay rent punctually.

The undisputed evidence in this case shows that Friedman-Howell & Co. had exclusive possession of the premises. It does not appear in what manner they obtained possession of it, but presumably this was done under some kind of agreement with Bly & Bennett, the lessees. But, as we have already seen, the lessees had no right to assign their lease, or to sublet the premises, and, inasmuch as the lease, by its terms, provided that the landlord might, at its option, declare the lease terminated for a breach of this covenant, the plaintiff had a right to re-enter the premises and take possession thereof when it ascertained that Friedman-Howell & Co. was in exclusive possession of the premises.

It is contended by counsel for defendants that this issue is not tendered by the pleadings; but, while the complaint is jointly against Bly & Bennett and Friedman-Howell & Co., its object and purpose is to recover possession of the premises. It is true the defendants filed a joint answer and admitted that they were in possession of the premises, but, as we have already seen, the testimony introduced by the defendants, themselves, shows that Friedman-Howell & Co. ran a saloon for colored people on the premises and had exclusive possession of the same. There was a covenant in the lease against assignment and against subletting the premises, and, under the clause which provided that plaintiffs had a right to terminate the lease and re-enter the premises, it

had a right to maintain this action and recover the premises from the defendant, Friedman-Howell & Co. Inasmuch as the undisputed evidence shows that Friedman-Howell & Co. has the exclusive possesion of the building, the court should have directed a verdict in favor of the plaintiff.

Other assignments of error are pressed upon us for a reversal of the judgment, but the views we have expressed render it unnecessary to determine them.

Inasmuch as the judgment must be reversed because the court erred in not instructing the jury to return a verdict for plaintiff, it is proper to decide what will be the measure of damages on a retrial of the case. It is true no objections were made to the instructions given by the court on this point, but objections might be made on a retrial of the case. It is insisted by plaintiffs that they are entitled to recover one hundred dollars per month, that being the amount demanded of the defendant by the plaintiff. Section 2747 of Kirby's Digest provides that the plaintiff in an ejectment suit is entitled to recover the reasonable rental value of the premises as damages. Counsel for plaintiff rely on the cases of *Dickson* v. *Moffatt,* 5 Col. 114, and *Thompson* v. *Sanborn,* 52 Mich. 141, to sustain their position. In both these cases, however, the owner of the property informed the person seeking to occupy the premises that he would be required to pay a certain stated amount as rent. Without agreeing to the terms proposed by the owner, the person wishing to occupy the premises entered and took possession and upon being sued for rent the court held that he must pay the amount demanded by the owner as a condition to his occupying the premises. The court said that he could decline the privilege on the terms proposed by the owner and forbear taking possession, but he could not accept the benefit and at the same time reject the condition.

In the case at bar the facts are essentially different. The undisputed evidence shows that the defendant was already in possession of the premises, under a claim that it was entitled to possession under the lease made by Bly

& Bennett, at the time that plaintiff demanded that it should pay one hundred dollars per month as rent. The defendant remained in the possession under its assignment of the lease made to Bly & Bennett. Therefore, there was no implied assent to the terms imposed by plaintiff, and the cases cited do not apply. On the trial the general rule applies, and plaintiff, on a retrial of the case, will only be entitled to recover as damages the reasonable rental value of the premises.