Terry v. Taylor.

Opinion delivered April 5, 1920.

1. Deeds—condition subsequent.—Where land was conditionally granted, the title to become absolute in the grantee when it should be established that she had a good title in fee to land which she had exchanged for it, the condition mentioned was a condition subsequent, and not a condition precedent.

2. Deeds—construction of conditions.—Whether a condition in a deed is subsequent or precedent depends upon the construction of the language used by the grantor in connection with the purpose of the grant, and on the intent of the parties as collected from

the whole contract, whatever the order in which they are found or the manner in which they are expressed; the law, however, favoring a condition subsequent.

3. DEEDS—WAIVER OF CONDITION.—A condition may be waived by acts as well as by express release; and any acts on the part of the grantor which are inconsistent with a claim of forfeiture are evidence of a waiver of the condition.

4. DEEDS—WAIVER OF CONDITION.—Where land was conveyed subject to a condition subsequent, namely, that the title should become absolute in the grantee when it should be established that she had acquired a good title to land conveyed in exchange, and the grantor lived on the exchanged premises for more than eight years and those in privity with him enjoyed the estate without complaint for more than 15 years before the title of the grantee to the land she conveyed was questioned, the condition must be deemed to have been waived.

Appeal from St. Francis Chancery Court; *A. L. Hutchins*, Chancellor; affirmed.

*Mann, Bussey & Mann*, for appellant.

Under the deed from Terry to Mrs. Taylor a condition precedent was created and appellee only took a life estate in the Casteel place. The condition precedent in the deed was never performed. 18 C. J. 354; 28 Ark. 48; 78 *Id*. 350. The words "legal heirs" as used in the will is held to mean legal representatives. 5 Words and Phrases, p. 4064.

*Walter Gorman*, for appellee.

1. The demurrer admits the truth of all the allegations of the complaint and answer, and the allegations show no interest or title in the appellants. The granting clause, followed by a description of the lands, conveyed the fee simple title, and the language following the description was ineffective to limit or restrict the estate, conveyed. 82 Ark. 209; 78 *Id*. 230.

2. The failure of appellants to act for a period of more than 14 years after executing the deed and placing the grantee in possession was a waiver of any right the grantor had to recover the property. 1 A. & Eng. Enc. 1067, and note 3 to § 568; 29 Ind. App. 277.

3.    The breach of the condition does not operate *ipso facto* to revest the estate in the grantors. The title conveyed would not become void but voidable only at the election of the grantors on their heirs. 74 Conn. 630; 92 Am. St. 240.

4.    The clause in Terry's deed, if a condition at all, is a condition subsequent.    2 Wash. on Real Prop. (6 ed.), §§ 941, 1601; Tiedman on Real Prop. 273.    The Terry deed does not create a condition but vested the title. 1 A. & E. Enc. Supplement, p. 1065, notes 7, 8 and 10.

5.    Under the Hughes will plaintiff acquired the title in fee to the Casteel place.    Kirby's Digest, § 735; 211 S. W. 183; 58 Ark. 303; 115 *Id.* 558; 2 L. R. A. 455, and notes.

McCulloch, C. J.    On August 6, 1904, appellee, Mrs. Lorena Taylor, made an exchange with J. B. Terry of a farm in St. Francis County, known as the Casteel Place, which she held by devise under the last will and testament of E. C. Hughes, deceased, for certain property involved in this litigation, then owned by Terry.  The parties executed deeds to each other for the several properties thus exchanged.  The deed of appellee to Terry was in absolute form, conveying the Casteel place in fee simple, without restriction or condition.  The granting clause in the deed of Terry to appellee read that the grantors "in consideration of an exchange of properties, Mrs. Lorena Taylor this day conveying to us, or one or more of us, what is known as the Casteel farm, near Linden in the southern part of St. Francis County, Arkansas, do hereby conditionally grant, bargain, sell and convey unto the said Lorena Taylor and unto her heirs and assigns forever, the following lands," etc.    Here follows the description of the property conveyed and then follows a clause which reads thus:   "The title here conditionally granted to become absolute in the grantee, when it shall be established that she acquired a good title in fee in the Casteel place under the will of the late E. C. Hughes. The possession of the property herein granted reserved until September 1, 1904."    Then follows the habendum

clause in ordinary form and also covenants of warranty of title and relinquishment of dower by Terry's wife.

The clause of the last will of E. C. Hughes under which appellee claims title to the Casteel place reads as follows:

"The balance of my personal property and all my real estate, consisting of the Linden farm, Jones place, the Casteel place, all in St. Francis County, Arkansas, I give to Lorena Utley during her life, at her death to be equally divided between her brothers and sisters, I mean her legal heirs."

J. B. Terry died in the year 1913, and the present litigation arose in the year 1919 between Terry's heirs and their grantee on the one side, and appellee on the other side, in which it is claimed by the former that there had been no performance of the condition expressed in the deed of Terry to appellee, and that in consequence thereof appellee's right to hold the property conveyed to her by Terry had failed.

The contention of appellants, as we understand it, is that appellee took only a life estate in the Casteel place under the last will of E. C. Hughes, and that "a good title in fee" had not been established within the meaning of the condition expressed in the deed of Terry to appellee; that the deed of Terry to appellee expressed a condition precedent, which was never performed, and that no title passed, or that, if it expressed a condition subsequent, the condition had been broken by nonperformance.

We find it unnecessary to determine whether appellee took title in fee simple under the will of Hughes or merely took a life estate. This question has never been judicially determined so far as it appears from the present record; and, as the rights of persons not privy to the present record are involved, we refrain from passing upon that question. It is, of course, undisputed that appellee took at least a life estate in the Casteel place, if no more.

The first question to be determined is the nature of the condition expressed in the deed of Terry to appellee,

whether a condition precedent or subsequent. This is to be determined by an ascertainment of the real intention of the parties as indicated by the language used. In an early case it was said by this court that "the question whether they are the one or the other is to be determined by the intention and meaning of the parties as it appears on the instrument, and by the application of common sense to each particular case; to which intention, when once discovered, all technical forms must give way." *Childress* v. *Foster,* 3 Ark. 252. There was a reaffirmance of this statement of the law in the case of *Sheppard* v. *Thomas,* 26 Ark. 617, and it seems to be in accordance with the authorities generally. It is stated in 8 R. C. L., p. 1098, as follows:

"Whether a condition in a deed is a condition precedent or a condition subsequent depends on the construction of the language used by the grantor, in connection with the purpose of the grant, and on the intent of the parties as collected from the whole contract, whatever the order in which they are found or the manner in which they are expressed. It is difficult, therefore, to formulate any exact test by which to determine whether a condition is precedent or subsequent. As between the two, however, it may be said that the law favors the latter."

Applying this rule to the instrument now under consideration, it seems clear that the real intention of the parties was to pass the title on condition that appellee's title in fee simple to the Casteel place should be "established" as a condition subsequent. There are several things in the transaction as shown on the face of the conveyance which indicate this. In the first place, the deed of appellee to Terry was absolute in form, and it at least conveyed a life estate in the Casteel place, which appellee indisputably owned under the Hughes will. In the next place, Terry's deed to appellee contained a provision for the transfer of possession within a very short time (less than a month) after the execution of the deed, and it provided that on the performance of the so-called condition the title of appellee should become absolute—not that the

title should pass on the performance of the condition, but that the title conveyed should become absolute. This shows clearly, we think, that the title was intended to be passed by this conveyance subject to be divested upon the failure of performance of the condition. We think it was a condition subsequent, and not a condition precedent.

Now, it is a very well recognized principle of the law that a condition of this sort may be waived, not merely by express release, but by inconsistent acts and conduct. It has been so decided by this court. *Bain* v. *Parker*, 77 Ark. 168. In that case, Judge RIDDICK, speaking for the court, said: "A condition may be waived by acts as well as by express release. Any acts on the part of the grantor which are inconsistent with a claim of forfeiture are evidence of a waiver of the condition." The learned justice then proceeded to give illustrations of the application of this rule. There are many cases in support of this doctrine. 18 C. J., p. 376; *Bouvier* v. *Baltimore & N. Y. Railroad Co.*, 65 N. J. L. 313; *Pierce* v. *Brown University*, 21 R. I. 392; *Maginnis* v. *Knickerbocker Ice Co.*, 112 Wis. 385; *Bonniwell* v. *Madison*, 107 Ia. 85.

The point of application of that doctrine to the facts of the present case is easily discernible. Terry lived more than eight years after the execution of his conveyance to appellee, and it was nearly fifteen years from the date of that conveyance until this litigation arose. In the meantime Terry and those in privity with him have enjoyed the estate actually and indisputably conveyed to him by appellee without complaint, so far as this record is concerned, and without effort to establish a complete title in fee simple under the will of Hughes, or to declare a forfeiture of the conditions in his deed to appellee. Such conduct covering a period of so long a time is inconsistent with the right to declare a forfeiture of the condition and must be deemed a waiver of that right. The waiver resulted from that conduct in like effect as if there had been an express relinquishment of the right to declare a forfeiture. It is unnecessary in this view of the

matter to determine whose duty it was to initiate proceedings to "establish" the title in fee simple under the Hughes will, for, no matter whose duty it was, Terry and his heirs waived the right to claim a forfeiture by continuing in the enjoyment of the estate actually conveyed for a long period of time without complaint or without proceeding to declare a forfeiture of the condition expressed in the deed to appellee.

The decree of the chancellor is, therefore, affirmed.