JEFFRIES *v.* STATE, USE OF WOODRUFF COUNTY.

4-9086                                226 S. W. 2d 810

Opinion delivered February 13, 1950.

*W. J. Dungan,* for appellant.

*J. Ford Smith,* for appellee.

GEORGE ROSE SMITH, J. This is the second appeal in this case. We briefly restate the facts. In 1928 the appellant sold 32½ acres of land to Woodruff County, for $3,250. The deed restricted the use of the property to "county purposes" and provided that the land would revert to the grantor if its use for county pur-

poses should be abandoned. The county took possession in 1928, but in 1947 the appellant re-entered the property, contending that it was not being used for the specified purposes. The county then brought this suit for possession and for damages resulting from the appellant's having retaken the property. Upon the first appeal we held that the deed conveyed a fee simple upon condition, 212 Ark. 213, 205 S. W. 2d 194—a holding that is now the law of the case. We reversed the circuit court's action in sustaining the county's demurrer to the defendant's answer. After remand the defendant obtained a transfer to equity.

At the trial the appellant testified that at first he refused to sell the land to the county, in 1928. He owned other land adjacent to this tract, and his wife did not want strangers farming the property in controversy. Appellant finally agreed to the sale only because he was assured by the county's attorney that the wording of the deed would prevent the county from renting the land for agricultural use. Nevertheless, it is undisputed that the county has almost continuously rented all but two acres of the property for farming. The appellant himself testified that except for a year or two the county has farmed out the land ever since its purchase. His decision to declare a forfeiture in 1947 was due to the action of the county's tenant in permitting cattle to run at large and damage crops on lands owned by appellant.

Thus for more than eighteen years the appellant made no objection to the county's practice of leasing the greater part of the property to farm tenants. During all these years the appellant knew what was being done and thought the terms of the deed were being violated. As he said at the trial, "I never did think they had any right to farm it." Even if a breach was proved, which we do not decide, it has been waived. We have uniformly held that a forfeiture for breach of condition is not favored, "and slight circumstances will often be seized upon to prevent such forfeitures." *Kampman* v. *Kampman,* 98 Ark. 328, 135 S. W. 905; see also *Bain* v. *Parker,* 77 Ark. 168, 90 S. W. 1000, and *Terry* v. *Taylor,*

143 Ark. 208, 220 S. W. 42. Of course a waiver of forfeiture will be found more readily when the grantee has created an element of estoppel by changing his position after the grantor's failure to re-enter, but that is not essential. In the *Kampman* case a delay of two years was held to be a waiver, although the opinion reflects no change in the grantee's position. It has generally been recognized that the grantor's mere inaction will constitute a waiver when continued for longer than the period of limitations. *Bredell* v. *Kerr,* 242 Mo. 317, 147 S. W. 105; *Hannah* v. *Culpepper,* 213 Ala. 319, 104 S. 751. For nearly three times the period of our statute of limitations the appellant acquiesced in conduct that he now complains of as a breach of the condition. The chancellor correctly declined to approve a forfeiture.

There was error, however, in the award of $600 damages to the county. The county proved that if the appellant had not retaken the land it would have been used as a storage place for vehicles. For want of this land the county actually used a less centrally located tract. The damages claimed were measured by the increased expense to the county that was occasioned by its drivers having to travel farther to get their vehicles. This, however, is not the measure of damages for the wrongful detention of land. The plaintiff is ordinarily entitled only to the reasonable rental value of the premises. *Fort Smith Warehouse Co.* v. *Friedman-Howell & Co.,* 111 Ark. 15, 163 S. W. 175. As there was no proof on this point we must set aside the county's money judgment and dismiss this phase of the case. In other respects the decree is affirmed, the parties to bear their own costs.