## DUMOND *vs.* SHARTS.

Where D. agreed with S. to exchange farms with him, and S. agreed to pay D. at the rate of $37,50 per acre for the difference in quantity between the farms, and D. and S. also at the same time entered into an agreement by which they bound themselves to correct any error which should subsequently be discovered as to the number of acres contained in either of the farms upon a survey thereof, provided the correction was made by the first day of April then next ensuing; and D. afterwards, but after the first day of April, caused the two farms to be surveyed, and ascertained that there had been an error as to the quantity in the farm sold to S. by D., S. having paid for a less number of acres than that farm contained, and S. refused to correct the mistake; it was held that the time mentioned in the agreement was not of the essence of the contract, and S. was decreed to pay the difference between the estimate and the actual number of acres, according to the agreement, together with the costs of the suit.

Where there is a conveyance of a farm, and a turnpike road passes across the farm and the road is not excepted from the conveyance, the purchaser has no remedy in chancery for a compensation for the land covered by the road; his remedy, if any, is at law upon the covenant of seisin.

The laying out of a public highway across a man's land does not divest the title of the owner, but the title remains in him, subject to the public right of way over the same; and whenever the road ceases the land will revert to the original owner, or to his assignees.

1830.

Dumond
v.
Sharts.

In January, 1818, Dumond agreed with Sharts to exchange his farm in Hillsdale, supposed to contain 217 acres, for the farm of the latter, lying in Chatham, which was estimated at 150 acres. Sharts agreed to pay the complainant at the rate of $37,50 per acre for the difference in quantity between the two farms. Conveyances were accordingly executed, and the defendant paid the difference between 150 and 217 acres, at the rate agreed upon by the parties. Another writing was also executed by them at the same time, by which it was agreed that if upon a subsequent survey of the farms any error should be discovered as to the number of acres, that such error should be corrected, provided the correction was made on or before the first of April then next. Dumond afterwards caused both farms to be surveyed; when it was found that the Hillsdale farm contained more than two hundred and seventeen acres, and the Chatham farm less than one hundred and fifty acres. But the surveys not having been made previous to the first of April, 1818, Sharts refused to correct the mistake. In 1823, Dumond filed his bill to obtain payment for the difference between the estimated quantity of land in the respective farms and the actual quantity as ascertained by the surveys. The late chancellor decided that the time mentioned in the written agreement was not of the essence of the contract; and that the defendant must pay the difference between the estimated and actual number of acres, according to his agreement with the complainant, together with the interest thereon from the commencement of this suit. And he directed a reference to ascertain the quantity of land in each farm, and reserved the question of costs and all further directions until the coming in of the report. By the report of the master, it appeared that the excess in the Hillsdale farm was six acres, and that the deficiency in the Chatham farm would be two acres and a half and seventeen perches, if the

April 20th.

land covered by the Chatham turnpike road was considered a part of the farm; but if not, then the deficiency in that farm would be about six and a half acres.

*A. Vanderpoel*, for the complainant.

*A. L. Jordan*, for the defendant.

THE CHANCELLOR. The only questions before me at this time are as to the land covered by the road, and as to costs. It appears that the road formerly laid out for The Chathan Turnpike Company runs partly through the farm, and partly on one side thereof. And I infer from the evidence in the cause and from the master's report, that the land covered by the road is included in the general boundaries of the farm as described in the deed to Dumond; and that it is not excepted out of the conveyance. If such is the fact, Dumond has no right to compensation in this suit on account of the land covered by the road. If there is a covenant of seisin in the deed, perhaps he may recover thereon in a court of law. But no such claim is made in the complainant's bill, and no sufficient foundation therefor is contained in any of the pleadings. Neither is there any evidence before the court to enable me to ascertain whether the fee of the land over which this road passes is now in the complainant or in the state. In general, the laying out of a public highway over a man's land does not divest the title; which still remains in him subject to the public right of way over the land. In such cases, whenever the road is taken up or altered, the owner is restored to the full enjoyment of the land which is no longer wanted for the public use. But by the act of April, 1804, lands purchased by The Chatham Turnpike Company for the use of their road, or condemned for the same purpose and paid for by the company, became absolutely vested in the corporation. And under the act of 1820, the title to such lands is now vested in the people, and cannot revert to the original owners thereof or their assigns, except by a grant from the state. There is in this case, however, no evidence that any land included within the bounda-

ries of the Chatham farm was either voluntarily conveyed to the company, or condemned for the use of the road and paid for under the act. Besides the agreement as to the number of acres in these farms must be construed with reference to the boundaries thereof as described in the deeds. The covenants have undoubtedly provided the proper remedy for a failure of title, as to any part of the land included within those boundaries. The complainant is therefore, under the decision of the late chancellor, only entitled to recover from the defendant payment for eight acres, two roods and seventeen perches of land, at the rate of $37,50 per acre, with interest from the 17th of November, 1823.

I think the complainant is in this case entitled to his costs against the defendant. The latter refused to correct the error in the original estimate of the farms, although the claim of Dumond was perfectly just and equitable under the agreement of the parties. Instead of doing so, he insisted upon the technical objection that the day had passed before the survey was made ; and by that means compelled the complainant to seek relief in this court. If a party resists an equitable claim under such circumstances because he supposes the laws afford no remedy to the injured person, he must pay the costs of the litigation, if in the end the law is found to be against him.