## Atkins, *admx.*, *v.* Rison, *assignee.*

As a general rule, time is not deemed, in equity, to be of the essence of the contract—as where a party sells and conveys land and by the deed reserves a lien upon the land, to be enforced within a specified time, for the unpaid purchase money.

But if time be considered as of the essence of the contract, the party in default will be relieved in equity, where he shows sufficient excuse for non-performance, as that he was prevented from performance in consequence of civil war until after the time for performance had elapsed.

*Appeal from Jefferson Circuit Court in Chancery.*

Hon. William M. Harrison, Circuit Judge.

English and McCracken, for appellant.

The appellant having shown just and reasonable excuses, arising from unavoidable circumstances and casualties, for not filing her bill to enforce the vendor's lien, within the period limited by the deed, is not barred in a court of equity. *3 Lead. Cases in Equity, Hare & Wal.,* top page, *174–5, et seq.; Taylor v. Longworth, 14 Peters R., 174–5; 13 Condensed (Curtis), 416; 3 Lead. Cases in Equity, Hare & Wal., 78,* and cases cited; *ib., 81,* and cases cited; *Benedict v. Lynch, 1 J. Ch. R., 370,* and cases cited; *Lloyd v. Cottell, 4 Bro., 569; Adams' Equity,* p. (in brackets) *89,* and cases cited; *Taylor on Landlord and Tenant, sec. 496.*

Watkins & Rose, for appellee.

The express contract in regard to the lien excludes all idea of, and is a waiver of, an implied lien. *Brown v. Gilman, 4 Wheat, 256; Phillips v. Sanderson, 1 Sm. & Mar., Chy. Rep., 462.*

That time is of the essence of the contract here is plain; and,

where the intention of the parties to a contract to make the time of performance essential, clearly appears, equity will not relieve against a failure to perform at the day. *2 Edw., Chy., 78.* Time may be made the essence of the contract by express stipulation of the parties. See *Parsons on Con., 542, 544, note s; 4 Dallas, 345; 4 Rawle, 37.*

The circumstances, as set up in this case, do not suspend the running of the statute of limitations. *Bennett v. Worthington, 24 Ark., 493.* There is no more ground for the interference of a court of equity in this case than where the consequences of a contract are unfavorable to a party. The unexpected change of market values might as well absolve one from the terms of a contract as the occurrence of an unexpected civil war. Time may be made the essence of the contract by introducing conditional words into the bargain. *Broom's Legal Maxims, 541.*

COMPTON, J.

This was a bill to enforce a vendor's lien. The material facts disclosed by the bill and amendment, and not denied by the answer, are the following:

Henry Atkins sold, and by deed bearing date the 7th of May, 1859, conveyed, to Robert W. Johnson 420 acres of land, with the appurtenances, situate in Jefferson county, for the sum of $16,800, to be paid at the time recited in the deed. After the usual form of conveyance, with covenants of general warranty, the deed contains, among other reservations, the following, to wit: "A reservation of a lien upon said lands (to be enforced within six years from the date hereof, or stand for nought thereafter) to secure the said purchase money ($16,800), which is to be paid by the said R. W. Johnson, his heirs or assigns, after the following manner, to wit: On the 1st of January, 1860, four thousand eight hundred dollars; 2d, on the 1st of January, 1861, four thousand dollars, to bear six per cent. interest from the 1st of January, 1860; and 3d, on the 1st of January, 1862, four thousand dollars, to bear like interest of

six per cent. from same time, January 1st, 1860; and 4th, on the 1st January, 1863, four thousand dollars, to bear like interest of six per cent. per annum from the same period of time, January 1st, 1860—this being the fourth and last installment of purchase money aforesaid." Johnson executed to Atkins four promissory notes for the purchase money, dated, falling due, and for the several sums, as mentioned in the deed. On the 30th of April, 1862, and before the maturity of the last' note, Atkins died, and letters of administration on his estate were granted to his widow, the complainant. In consequence of the occupation of Pine Bluff, the county site of Jefferson county, by the United States military forces, during the late civil war, from September, 1863, until hostilities ceased, the complainant was prevented from taking steps to enforce the lien reserved for the purchase money, until after the time limited for its enforcement had elapsed.

The greater part of the purchase money remaining due and unpaid, the complainant filed her bill, and process was issued, returnable to the first term of the circuit court held after the close of the war. On the final hearing, the court below was of opinion that the lien was lost, and dismissed the bill for want of equity.

The counsel for the appellant admit that more than six years elapsed from the date of the deed to the time of the filing of the bill; but they insist that the pleadings and public history of the period show such unavoidable excuse for the delay as to prevent, in a court of equity, the defeat of the lien of the vendor, by the mere lapse of the period within which it was to be enforced.

As a general rule, time is not deemed, in equity, to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily results from the nature and circumstances of the contract; *2 Story's Eq., sec. 776;* and, even in cases where it clearly appears to have been the intention of the parties to make time of the essence of the contract, equity will relieve the party in default from a forfeiture, if he shows a

sufficient excuse for non-performance at the time specified. *Benedict v. Lynch, 1 John., ch. 370; Smith v. Brown, 5 Gillm., 509; Potter v. Tuttle, 22 Con., 512; Wells v. Smith, 2 Edw., ch. 84.*

That time is of the essence of the contract, in this case, is a proposition which, we think, can not be maintained upon principle, or by authority. It must be admitted that if, in addition to the limitation as to the enforcement of the lien, there was also a provision in the contract to the effect that, if Johnson should fail to make the last payment on the day specified, he should forfeit all the previous payments, and re-convey to Atkins, time would not, on a bill by Johnson for relief against the forfeiture, be considered as of the essence of the contract; for, as will be seen, it has been expressly so decided, in a similar case. Why, then, should time be considered essential in a suit by Atkins for like relief? In the case put for illustration, would it not be as inequitable to visit Atkins with the loss of his lien—the only means perhaps of realizing the purchase money—as it would to impose upon Johnson the loss of his land, after having paid all except the last installment of the purchase money? The remedy, if it exists at all, should be mutual and reciprocal, as well for the one party as for the other. In *Egerton v. Peckham, 11 Paige, Ch. R., 352,* the owner of a lot of land agreed to sell it for $300—one-third to be paid down, and the residue in one and two years; the agreement contained a clause that, if purchaser should make default in either of the payments, the vendor should be discharged from the contract; that the purchaser should forfeit previous payments, and should deliver up peaceable possession of the premises. The vendee went into possession, made improvements, and paid the first two installments of the purchase money at the time specified; and then assigned his contract to the complainant, who took possession of the premises, but did not make the last payment at the day appointed, though he tendered the money a few days afterwards, and demanded a conveyance, which the vendor refused to make, and insisted on the forfeiture. *Held:* that time was not of the essence of the contract,

and that the complainant was entitled to a specific performance. And, in *Dumond v. Sharts*, *2 Paige*, *182*, an exchange of farms having been made, and the one party having paid the other at a stipulated rate per acre for the estimated difference in quantity between the two farms, the parties executed a writing, by which it was agreed that if, upon a subsequent survey of the farms, any error should be discovered as to the number of acres, such error should be corrected, *provided the correction was made on or before the first of April then next ensuing.* The farms were subsequently surveyed, and an error discovered, but the survey was not made until after the time limited for the correction of the error had expired. On bill filed to obtain payment of the difference between the estimated quantity of land in the respective farms and the actual quantity as ascertained by the survey, the Chancellor held that the time mentioned in the written agreement was not of the essence of the contract, and that the complainant was entitled to recover. The same principle was decided in *Jones v. Robins*, *29 Maine*, *351.* These cases would seem to be decisive of the question. But another ground may be assumed, which strengthens the conclusion that time can not be regarded as essential in the case before us. The question as to the materiality of time, in equity, has most frequently arisen in cases for specific performance of contracts for the sale of real estate. Here, however, the only object of the contract was to secure payment of the purchase money, not to convey the land—for *that* was done by the deed. The contract was the same, in effect, as if Johnson, after having received the deed from Atkins, had executed a mortgage back to secure the purchase money. The transaction between the parties may, therefore, be regarded as analogous to a mortgage, where a court of equity, looking at the substance of things, will relieve the party in default as to time, no matter what the stipulations may be. This view was pressed upon the court, *arguendo*, in *Wells v. Smith*, *supra;* and the Vice Chancellor said, in response: "Why did not the parties put the transaction in the form of a conveyance of the title and legal estate, and of a mortgage

back, by executing the proper instruments for the purpose, provided they intended it should have such an effect? Now, this they have not done; but, on the contrary, have left the whole to rest in covenant. The title did not pass; and I am not at liberty to suppose the parties intended it should have passed, or that any effect was to be given to the contract beyond the plain import of its terms, or inconsistent with the rules of law. The great difficulty, however, in giving to the transaction the effect of a mortgage, and regarding the parties as mortgagee and mortgagor, is, that no legal title or estate has ever vested in the complainant; for, as before remarked, the contract amounted to an agreement to convey, and that, too, upon a condition, and not a conveyance." It will be perceived that the controlling reason assigned by the Vice Chancellor to prove the unsoundness of the argument in that case, makes it sound in this; for here, as has been seen, the transaction was not merely an agreement to convey, resting alone in covenant, but, on the contrary, the title and legal estate passed to Johnson.

But, even if the contract were such as that time could be considered as an essential ingredient of it, still, according to the authorities first above cited, the appellant would be entitled to the relief she seeks; because the excuse shown for failing to enforce the lien before the time limited for its enforcement had passed, is ample, being an accident beyond her control, and one which a court of equity will recognize. *Hatchett v. Pattle,* 6 *Mad.,* ch. 4; 1 *Story's Eq.,* sec. 93.

Let the decree be reversed, and the cause remanded, with instructions to the court below to ascertain what amount of purchase money remains unpaid, and to enter such decree and make all such orders as may be necessary to the enforcement of the lien for the residue of the purchase money.