SMITH *v*. BERKAU.

Opinion delivered March 20, 1916.

VENDOR AND PURCHASER—DEFERRED PAYMENTS—DEFAULT.—Where land was sold to appellee upon a credit, the contract providing for the payment of the deferred installments in monthly amounts, where the time of payment is not of the essence of the contract, the contract of sale will not be declared forfeited upon default in the deferred payments.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Manning, Emerson & Morris,* for appellant.

1. It was error to refuse to enter a decree for plaintiff for possession of the land. Time was an essential of the contract and payments at the times specified were conditions precedent. Hence a forfeiture should have been declared. 78 Ark. 574-578; 48 *Id.* 413; 87 *Id.* 593; 76 *Id.* 578; 4 *Id.* 413; 50 Am. Dec. 669-677.

2. The court erred in its findings of facts. The burden of showing payments was on the appellee. The three credits should not have been allowed. Appellant was at least entitled to a decree for the full amount unpaid.

*Bradshaw, Rhoton & Helm,* for appellee.

1. Forfeitures are not favored in the law and never enforced in equity. 77 Ark. 305; 78 *Id.* 202; 98 *Id.* 333. The findings of the chancellor on this question are against appellant on all the evidence and should not be disturbed. 83 Ark. 524; 98 *Id.* 331. The cases cited for appellant are not applicable.

2. The evidence sustains the chancellor in his finding in the matter of the three credits. 112 Ark. 341.

SMITH, J. Appellant is the administrator of the estate of his mother, who in her life time entered into an agreement to sell the property involved in this suit to appellee. A cash payment of $200 was made, and a contract entered into providing that the remainder should be paid at the rate of $30 per month. These payments— 100 in number—were each evidenced by a note. The first note was payable August 15, 1910, and one note was to be paid on the 15th of each month thereafter, and all of the notes bore interest at 7 per cent. until paid. The contract for the sale of the land contained the following stipulation:

"But if the purchase money for said lands is not paid at the time and in the manner herein specified, upon the fourth default made in said payments all of said notes remaining unpaid shall at once become due and payable, and the obligation resting on the party of the first part shall become null and void, and the money theretofore paid on said purchase shall remain with and be the

property of the party of the first part, and shall be considered as so much rent paid by said party of the second part for the use of said property from the date of this instrument to the date of such default in payment  \* \* \* And the said party of the second part hereby accepts the conditions of this obligation, and in the event of the failure to make payments as herein provided, waives all right and claim to said real estate, and to the money heretofore paid on account thereof.''

Suit was brought by appellant to recover possession of the land, it being alleged that appellee had defaulted in the payment of ten consecutive notes and had thereby forfeited all rights under his contract of purchase.

Appellee denied that he had failed or refused to make payments required under contract, and alleged he had made payments amounting to $2,324.00 and that credit had not been given him for these payments.

Appellee assumed the burden of proof and introduced a statement of the account showing various payments. Of all the credits so claimed only ten are in dispute. The court disallowed seven of these items and allowed three of them as follows: July 5, 1910, cash $150; July 1, 1911, cash $192; March 8, 1912, $67.00.

The court found that appellee was six months in arrears in his payments at the time the suit was instituted, but refused to declare the contract forfeited, and the administrator has appealed.

It is first insisted that time is of the essence of this contract and that the court erred in refusing to hold that appellees rights thereunder had been forfeited.

It is also insisted that the contract makes the payment of the notes a condition precedent before any rights can be acquired under the contract.

It is settled that equity will not relieve against a vendee who has made default where time has been made of the essence of the contract and the forfeiture has not been waived. Nor will it relieve against the performance of some act which the contract has made a condition precedent. Neither principle, however, con-

trols here. This is a contract for the sale of land on a credit of one hundred months with the proviso set out above. The contract gives appellee a present right as a purchaser and upon payment of the purchase money he becomes entitled to a deed just as any other purchaser would be who had bought land on credit.

Appellant relies on the case of *Thomas* v. *Johnson*, 78 Ark. 578. But that was a contract which created the relation of landlord and tenant and which was not to be changed into the relation of vedor and vendee until certain payments were made. Here the relation was never anything but that of vendor and vendee, and we think the priviso set out above does not so make time of the essence of the contract that appellee's rights thereunder became forfeited. The payments were made at irregular times and without reference to the maturity of the notes or the amount due at the time of the payments, and as the contract does not plainly and unambiguously provide for the forfeiture we will not hold that it should be so construed. *Chapman & Dewey Land Co.* v. *Wilson*, 91 Ark. 30; *Atkins* v. *Rison*, 25 Ark. 138; *Butler* v. *Colson*, 99 Ark. 340; *Kampman* v. *Kampman*, 98 Ark. 328; *Singer Mfg. Co.* v. *Brewer*, 78 Ark. 202.

The evidence in regard to the three payments allowed is conflicting and unsatisfactory, but the evidence in appellee's behalf concerning these three items is very similar to his proof on the other seven. According to appellee he is as much entitled to the seven which were disallowed as he is to the three which were allowed, except that purported receipts for each of these three items were offered in evidence. Appellee testified that he made all ten of the payments, yet the court allowed him only three. The signature to the three receipts were submitted to experts, who, by consent, were allowed to express their opinion, but who were not cross-examined. Two of these experts pronounced the signatures of S. J. Smith, who was his mother's agent in the collection of this money, and who was shown to have collected other moneys, to be genuine, while the third expert pro-

nounced the signature a forgery. In addition to this expert who pronounced the signature a forgery was the evidence of the wife of S. J. Smith and of his brother with whom he had been associated in business for a great many years and who likewise pronounced the signature a forgery. There is also evidence touching the time and place and circumstances under which certain alleged payments were made which tends to discredit appellee's evidence. In regard to the alleged cash payment of July 5th, 1910, and which is one of the items covered by the disputed receipts, the wife of Smith testifies that appellee made a cash payment of only $50.00 and the balance was paid in two installments of $75.00 each. Checks given by appellee corroborate Mrs. Smith's evidence concerning these payments. One was made on July 16th, one day after the papers were drawn up, and the second check was drawn on the 6th of August, nine days before the first note became due. The evidence is equally as uncertain in regard to the other credits claimed, and when we consider that the burden of proof of showing these payments rests upon appellee, and that this controversy did not arise until after both Mrs. Smith and her son, S. J. Smith, were dead, we have concluded that the proof does not sustain the finding that the payments were in fact made, and the decree of the chancellor will be modified by disallowing these credits.

The decree will therefore be reversed and the cause remanded with directions to modify the decree to conform to this opinion.