## GILSTRAP v. STAHL.

### Opinion delivered February 14, 1921.

VENDOR AND PURCHASER—TIME NOT OF ESSENCE WHEN.—Where a vendor agreed to furnish an abstract showing a good title, and, upon a defect being discovered which would require an order of the probate court to correct, a supplemental agreement extended the time to furnish such abstract of title until May 1, it being deemed that the order could be had at the April term of such court, time was not of the essence of the contrct, in the absence of a stipulation to that effect, and where the April term of the court was not held and the order was obtained in May following, there was substantial performance, and the purchaser could not recover the advance payment.

Appeal from Sevier Circuit Court; *J. S. Steel,* Judge; reversed.

*B. E. Isbell,* for appellant.

The court erred in sustaining the demurrer. The only question which the demurrer presents is the sufficiency of the answer as a legal defense to the complaint, and it is sufficient and sustained by many decisions. In determining its sufficiency every allegation therein made, together with every inference which is reasonably deducible therefrom, must be considered. 102 Ark. 294; 93 *Id.*

374; 91 *Id.* 404; 70 *Id.* 163; 71 *Id.* 564; 75 *Id.* 66; 77 *Id.* 354; 110 *Id.* 139; 116 *Id.* 506; 52 *Id.* 378.

The answer is a complete defense to the plaintiff's complaint, and the trial court erred in holding that it is not.

The exhibits may not assist the demurrer. This is a suit at law, and the exhibits can not be looked to to aid the complaint. The presumption on demurrer is that the allegations of the answer are true, and, the complaint thus standing alone, a good defense was interposed, and the demurrer should have been overruled. 53 Ark. 478; 33 *Id.* 544; 37 *Id.* 543; 34 *Id.* 536; 133 *Id.* 190. Nor does the fact that the answer admits the execution of the contract avail plaintiff anything. 33 Ark. 597. Even if the exhibits could be used to aid the demurrer, they could give no assistance in this case, for May 1 is not the essence of time of the contract, but the time limit is the date upon which the probate court finally approved the guardian's sale. In arriving at the essence of time in a contract, the conditions of the parties and all the circumstances under which the contract is made should be taken into consideration. 105 Ark. 629; 134 U. S. 68. The nature of the transaction and the avowed object of the purchaser and seller could hardly be ascertained without a trial upon the merits of the issue raised by the answer.

Defendant should be protected against the court's failure. Both defendants did all in their power to perfect the title and within the time prescribed; they dealt openly and in good faith. Defendants should not suffer because the term of the court lapsed. The citizen is bound by the courts and their action; he can not control them. At most, he can only order his affairs and make his contracts in keeping with their holdings and the statutes which govern their procedure. Defendants have done this, and the answer so alleges and its truthfulness can not be here attacked. The order sustaining the demurrer and the judgment should be reversed.

*Abe Collins,* for appellee.

The language of the contract is plain, simple, certain and unambiguous; there is no room for construction. The intention of the parties is plain and easily ascertained from the language used, and they are bound by it. May 1 was the time limit; if not, why was not a different date written therein? Courts can neither supply nor rearrange words and sentences in an unambiguous contract, but must construe it as made. 105 Ark. 213. Where the language is clear and unambiguous, the acts of the parties under it can not be considered in construing it. 56 Ark. 414. It is only where the contract is ambiguous that the courts can resort to extraneous circumstances to ascertain the intention of parties. 28 Ark. 282; 52 *Id.* 65; 55 *Id.* 18; 90 *Id.* 272; 6 R. C. L. 841, § 231. Where a contract evidences care in its preparation, it is presumed that its words were employed deliberately and with intention. It is not the province of courts to alter a contract by consideration or make a new one for parties; its duty is confined to the interpretation of the contract as made by the parties themselves. 13 C. J. 524-5, § 485. The question here is whether or not, admitting all the allegations of the answer, it amounted to a legal defense. We submit that the answer does not amount to a legal defense for the reasons stated *supra.* The contract was unambiguous, and its construction a question of law for the court. 101 Ark. 213; 79 *Id.* 172; 75 *Id.* 55; 67 *Id.* 553; 112 *Id.* 165. Hence the court did not err by setting the case by sustaining the demurrer. Antecedent propositions, correspondence and all prior writings and oral statements and representations were merged into the written contract. 104 Ark. 475. There is no error.

SMITH, J. Appellee, plaintiff below. filed a complaint in the Sevier Circuit Court, in which he alleged that on December 6, 1919, he entered into a contract with the defendant, Gilstrap, who was acting as agent for his codefendant, Mrs. Cox, by the terms of which he had bought from Gilstrap, as the agent of Mrs. Cox, two lots in the

town of De Queen, for the consideration of $2,575, of which $500 was cash in hand paid to said Gilstrap for Mrs. Cox. That it was provided in the contract of sale that an abstract of title would be furnished and submitted to plaintiff for his inspection within thirty days, and that the cash payment of $500 was to be refunded in the event it should be impossible for Mrs. Cox to make a good title to said lands. A copy of that contract was made Exhibit A to the complaint. That on February 19, 1920, the said Mrs. Cox had wholly failed to submit to plaintiff the abstract of title in accordance with said agreement, and in order to give her an opportunity to do so plaintiff entered into a new contract with defendant—made Exhibit B to the complaint—by which time was extended to May 1, 1920, to furnish an abstract, with the opinion of B. E. Isbell, showing a good title in Mrs. Cox, with the proviso that upon failure so to do the $500 should be returned to plaintiff. It was alleged that the abstract and opinion were not furnished within the time limited, and the money had not been returned, and there was a prayer for judgment for the $500.

The answer admitted the execution of a contract for the sale of the lots for the price and upon the terms set out in the complaint; but it recites the fact to be that the abstract was furnished to plaintiff's attorney, who, upon an examination thereof, concluded that it would be necessary to obtain a certain order from the probate court, and the plaintiff was advised that this order could not be obtained before the second Monday in April, when the court convened, and the plaintiff thereupon agreed that the necessary time should be given to obtain the order, and a supplemental agreement was then entered into, which provided that Mrs. Cox should have until May 1, 1920, in which to obtain the necessary order of court, it being the agreement and understanding of the parties that the order should be obtained at the earliest date consistent with the law and the procedure of the court, and that the supplemental contract was entered into for the sole purpose of giving Mrs. Cox an opportu-

nity to obtain that order. That the April term of said court was not held, and was allowed by the judge thereof to lapse, but a session of the court was later held on the ........ day of May under proclamation convening a special term of court. That the greatest diligence was used in perfecting the title, and that the title has been perfected and approved by the examiner. Wherefore it was prayed that plaintiff take nothing by his suit.

A demurrer to the answer was sustained, and upon defendants refusing to plead further judgment was rendered for the $500, and this appeal is from that order.

The suit is at law, and the allegations of the answer are not, therefore, controlled by the exhibits. But it is insisted that the recitals of the exhibits have been incorporated into the answer and have become a part of it, and that it appears from the recitals of the answer that May 1 was fixed as the time limit within which an abstract showing a good title should be delivered, and that the abstract and opinion approving the title were not furnished by that time. In other words, the question to be decided is whether the parties have made time of the essence of the contract.

In the case of *Nakdimen* v. *Brazil*, 137 Ark. 188, we quoted from 9 Cyc., pp. 604-5, the following statement of the law: "In determining whether stipulations as to the time of performing a contract are conditions precedent, the court seeks simply to discover what the parties really intended; and if time appears, on a fair construction of the language and under the circumstances, to be of the essence of the contract, the stipulations in regard to it will be held conditions precedent. * * * Time is of the essence of a contract when it is a material object to which the parties looked in the first conceptions of it."

Here the parties amended their original contract by extending to May 1 the time for furnishing abstract and for obtaining the opinion of Mr. Isbell. It does not contravene any rule of evidence to show the purpose of the parties in changing the date upon which the abstract and opinion were to be furnished. In interpreting a con-

tract it is proper for the court to consider the situation of the parties with reference to the subject-matter about which they have contracted, and it was, therefore, proper to show that the purpose of the extension was to afford an opportunity to procure the necessary court order. These orders are obtainable only by following the procedure prescribed by law; and while, under the allegations of the answer, it was the intent of the parties that the utmost diligence should be used in applying for and procuring this order, it was necessarily in their contemplation that the thing contracted for could only be obtained in the orderly processes of the law, and the answer alleges that it was thought that May 1 would afford reasonable time to obtain the order which made the extension of time necessary. In contemplation of the parties the thing really contracted for was expedition and diligence in obtaining the order. The contract does not recite that time was of the essence of the contract; nor is that inference necessarily deducible from the language employed; and, when this language is read in the light of the situation of the parties and the subject-matter with reference to which they were contracting, we conclude that the parties had no intention to make time of the essence of the contract. They were contracting in regard to the approval of the title to real estate, and it was known, when the supplemental contract extending the time was made, that the attorney to whom the abstract had been submitted had found a defect which, in his opinion, could be remedied only by an order of the court, and time for that purpose was granted, and this was the purpose of the amendment to the original contract. The contract between the parties was not a mere option to buy which might or might not be exercised. *Ind. & Ark. Lbr. Co.* v. *Pharr,* 82 Ark. 573. It was one for the sale of land to be consummated upon the approval of the title.

We think the recitals of the answer set out above show a substantial compliance with the contract, which entitles the defendants to demand that plaintiff proceed with the discharge of the terms of purchase before de-

manding the return of the money which was to be treated
as an initial payment if the title was approved. *Mays
v. Blair,* 120 Ark. 69; *Smith* v. *Berkau,* 123 Ark. 90; *Fei-
belman* v. *Hill,* 141 Ark. 297; *Butler* v. *Colson,* 99 Ark.
340; *Atkins* v. *Rison,* 25 Ark. 138; *Evans* v. *Ozark Or-
chard Co.,* 103 Ark. 212.

We conclude that the demurrer to the answer should
have been overruled, and, for the error in sustaining it
and in rendering judgment on the complaint, that judg-
ment will be reversed and the cause remanded with direc-
tions to overrule the demurrer.