THOMPSON *v.* COLLIER-REYNOLDS GROCERY COMPANY.

Opinion delivered October 23, 1922.

1. PRINCIPAL AND AGENT—APPARENT AUTHORITY—QUESTION FOR JURY.—Evidence *held* to make out a case of apparent authority of an agent to represent his principal sufficient to go to the jury.

2. PRINCIPAL AND AGENT—ESTOPPEL TO DENY AUTHORITY.—Where plaintiff by his conduct induced defendant to believe that his agent had authority to have an automobile repaired, and, relying upon that belief, the defendant refrained from filing a lien on the car, plaintiff is estopped to deny the agent's authority.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; reversed.

*H. K. Toney,* for appellant.

The court erred in directing a verdict. The evidence was sufficient to constitute Pritchard an agent of appellee with authority to have the work done and the account charged to appellee. 147 Ark. 227.

Appellees knew that their salesman was having the car repaired, had paid similar bills before, and by their conduct led appellant to believe that the account would be paid by them. 147 Ark. 414. By their conduct they are now estopped to deny liability. 131 Ark. 82; 148 Ark. 301.

*Rowell & Alexander,* for appellee.

SMITH, J. This appeal is from a judgment rendered upon a verdict returned in appellee's favor under the direction of the court. In testing the correctness of this action we must therefore view the testimony and the inferences reasonably deducible therefrom in the light most favorable to appellant. As thus viewed, the facts may be stated as follows:

Appellee is a corporation engaged in the wholesale grocery business in the city of Pine Bluff, and one Pritchard was employed by it as a traveling salesman. In the discharge of his duties he used an automobile, which he took to appellant's shop to be repaired, and this suit is for these repairs. Pritchard did not state to appellant that he had express authority to have the car repaired and the work charged to appellee, but he ordered the work done and charged to appellee. Appellant knew that Pritchard used the car in connection with his employment; and appellant supposed the car belonged to appellee. Appellant would not have credited Pritchard, but did not hesitate to extend credit to appellee, and had done so, as he supposed, on three or four previous occasions by repairing this identical car under the direction of Pritchard. In each instance the work was charged to appellee, and the bill therefor was rendered to appellee and promptly paid by it. Appellee paid these bills as if they were its own, and said nothing about the payment being made for the benefit of Pritchard. When appellant presented the bill here sued for, which amounted to $112.69, to appellee, the only reason given for not paying it was that it was excessive. This bill was presented a second time, and still no claim was made that the bill was Pritchard's and not appellee's.

Payment being refused, suit was brought in the municipal court of Pine Bluff, where judgment was rendered in appellant's favor by default. While the suit was pending in that court the attorney now representing appellee offered appellant $50 in settlement of the claim, and ap-

pellant supposed the offer was made for appellee. At the time the judgment was rendered in the municipal court a claim of a mechanic's lien might still have been filed against the car, and would have been, had appellant been advised even then that appellee denied liability on the ground that Pritchard was the owner of the car, but appellant was not advised that that defense would be interposed until during the trial in the circuit court from which this appeal comes, at which time the right to claim a lien had expired, and the defense was then for the first time made that Pritchard was not appellee's agent and had no authority to contract the debt sued for.

At the time the work sued for was done appellee had a mortgage on the car, and the car was later turned over to it by Pritchard in satisfaction of the mortgage.

Upon this testimony appellant insists the jury might have found that Pritchard was in fact the agent of appellee, and that it was within the apparent scope of his authority to order the car repaired and the work charged to appellee; or, if this was not true, that appellee, by its conduct, had estopped itself to deny the agency.

We think a case was made for the jury. As was said in the case of *Moore v. Ziba Bennitt & Co.,* 147 Ark. 227, the relation of principal and agent cannot be presumed, and cannot be established by the acts and declarations of the agent in assuming authority; yet the relation and the authority of the agent, after the relation is proved, can be shown by circumstances as well as by positive proof. Pritchard was admittedly an agent for some purposes; and while he may not have had express authority to order the car repaired, the jury might have found that appellee assented to Pritchard holding himself out as having the authority to order the repairs made on the faith of appellee's credit.

If this finding had not been made, the jury might have found, from the testimony set out above, that appellee had estopped itself to deny the agency. If appellee knew that appellant had done the work on the assump-

tion of appellee's ownership of the car and under the belief that Pritchard, as appellee's agent, had ordered the work done, and had the authority to so order, and appellee's conduct had induced this assumption and belief on appellant's part; and if appellee knew that appellant did not claim a lien on the car because he thought appellee's solvency made it unnecessary to do so and appellee made no denial of liability on the grounds on which appellant asserted liability against it until it became too late for appellant to file a claim for a lien against the car, then appellee would be estopped to deny Pritchard's agency. Sec. 6871, C. & M. Digest; *Ferguson* v. *Guydon,* 148 Ark. 295; *Thompson* v. *Wilhite,* 131 Ark. 82; *Denton* v. *Berryville Auto Co.,* 147 Ark. 415; *Forrest* v. *Benson,* 150 Ark. 89.

For the error in not submitting the case to the jury, the judgment will be reversed and the cause remanded for a new trial.