RILEY *v.* WARNER.

4-9279                                          233 S. W. 2d 626

Opinion delivered November 13, 1950.

*J. F. Koone* and *N. J. Henley,* for appellant.

*Opie Rogers* and *Carroll W. Johnston,* for appellee.

LEFLAR, J.   In the Chancery Court, appellees Mr. and Mrs. H. L. Warner were, as assignees, awarded specific performance against Mrs. Ida B. Riley of a contract under which Mrs. Riley had agreed to sell a house and lot in Clinton, Ark., to Mr. and Mrs. C. W. Cross.  Mrs. Riley appeals.

By written contract Mrs. Riley agreed to sell the premises to the Crosses for $1,750, of which the Crosses paid $500 in cash and were to pay $25 on the first of each month, commencing January 1, 1949, until the balance, with accrued interest, was paid off.  The deed, abstract and other papers were deposited in escrow with the Clinton State Bank, to be delivered to the Crosses when payments should be completed, subject to the following provision in the contract:

"It is further agreed by all parties hereto that should any of the payments herein specified remain in default for a period of sixty days this sale shall become null and void, and (the seller) is hereby authorized to withdraw her deed and abstract, and any and all sums paid prior to default shall be retained by said (seller) and held as rental for said property, and no part of the payments made as hereinbefore provided shall be returned or refunded to the (purchasers)."

In addition to the $500 down payment, the Crosses made the first two $25 payments, on January 1 and February 1, but the payments due on March 1, April 1, and May 1 were not made.  On May 3, 4, and 5 Mrs. Riley demanded that her deed and other papers be returned to her, in strict accordance with the terms of the contract; on May 5 Mr. and Mrs. Warner offered to Mrs. Riley the full amount remaining due on the entire purchase price, with accrued interest (a total of $1,220.74), but she refused to accept it and, on her continuing demand, the

Bank as escrow agent returned to her the deed and accompanying papers.

The assignment from the Crosses to the Warners had occurred some time after March 1, 1949, through the agency of a realtor named Conner. Conner had in some undetermined manner secured the deed and abstract from the escrow bank, and had allowed the Warners to believe that title had passed unconditionally to the Crosses, who lived in another state. The Warners paid the entire amount of their agreed purchase price ($2,300) to Conner, and he held it pending legal approval of the title after the abstract was brought up to date. The Warners in the meantime went into possession of the premises, under directions from Conner, and had by May 1, 1949, expended some $1,800 in making improvements, including a new room added to the house, a well, and a butane gas system. Mrs. Riley admitted that she knew the premises had been sold by the Crosses and that the new owners had added another room to the house prior to May 1.

The principal question in the case is whether, under the circumstances stated, the forfeiture provision in the contract, quoted above, should be literally enforced. The Chancellor held that it should not, and we agree.

It has been many times stated that equity abhors a forfeiture. This does not mean that equity will never enforce a forfeiture. Performance by the defaulting party within the exact time specified may be of the essence of a particular contract. But a forfeiture for delay in performance will not be enforced unless the contract inescapably calls for its enforcement and the party in default "shows no sufficient excuse for non-performance at the time specified," *Atkins* v. *Rison*, 25 Ark. 138, or the total of the contract's provisions shows that performance within the time specified, or substantially within it, is essential to the effective carrying out of the contract as a whole, *White* v. *Page,* 216 Ark. 632, 226 S. W. 2d 973. When the contract does not declare that time shall be of the essence, and there is

nothing in the transaction making it imperative that payments be made by the designated day else not at all, and there is within a reasonable time an offer made in good faith to pay what is due, the claim to a forfeiture will be denied. *Butler* v. *Colson,* 99 Ark. 340, 138 S. W. 467; *Smith* v. *Berkau,* 123 Ark. 90, 184 S. W. 429.

In the present case, though forfeiture on delay in payment was called for, there was nothing in the contract either expressly or by inference making time of the essence in payment of the installments owed by the purchasers. Nothing in the transaction as a whole indicated any urgency in payments being made on particular days, other than the fact that the amount of interest payable by the purchasers would be increased in case of delay. A cash payment of the entire balance due under the contract, plus interest, was tendered only five days late, and the tender was renewed when the case came to trial. These facts do not justify enforcement of the forfeiture.

There were several interveners in the suit who sought to enforce materialmen's and laborers' liens in connection with the cost of improvements placed upon the premises prior to commencement of the litigation. The Warners admit that these claims are valid as against their interest in the realty, and do not dispute them. The Chancellor's order adjudging the validity of these liens is proper.

The decree is affirmed.